IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WYNDHAM VACATION RESORTS, INC., | ) ) ) |
| Plaintiff, | ) ) CASE NO. 3:10-1028 ) JUDGE HAYNES |
| v. | ) ) |
| TIMESHARE ADVOCACY INTERNATIONAL, LLC, SEAN K. AUSTIN and CHARLES MCDOWELL, | ) ) ) ) ) |
| Defendants. | ) |

# M E M O R A N D U M

Plaintiff, Wyndham Vacation Resorts, Inc., filed this action under 28 U.S.C. § 1332, the federal diversity statute against the Defendants: Timeshare Advocacy International, LLC, ("TAI") and Sean K. Austin. Plaintiff asserts a breach of contract claim based on the parties' settlement agreement in a prior legal action. In essence, the settlement agreement barred Defendants from soliciting Plaintiff's customers in any manner.

Before the Court is the Plaintiff's motion for partial summary judgment (Docket Entry No. 40) contending, in sum, that undisputed documentary evidence clearly establishes the Defendants' violations of the parties' settlement agreement. In response, Defendants argue that any breach is not immaterial and the remedy for any breach is limited to liquidate damages.

1

## A. Findings of Fact[1]

Plaintiff operates a timeshare business and employed Defendant Austin as a salesperson at its Middle Tennessee location from January 8, 2008 until September 13, 2008. As a salesperson, Austin accessed Plaintiff's confidential and proprietary information related to its business procedures, policies and customer information. For his employment, Austin signed an agreement prohibiting any disclosure of Plaintiff's confidential business information that was disclosed to him as a salesperson. This agreement provided:

> Salesperson agrees and acknowledges that, as an employee of WVR, Salesperson may be given or be privy to certain valuable, proprietary or confidential information, including but not limited to, sales, marketing, and training materials and information, Product pricing, data and strategies, and prospect or purchaser lists. Except in the normal course of Salesperson's duties hereunder, Salesperson shall not, while employed by WVR or at anytime thereafter, copy or disclose any such information to any person or entity for any reason or purpose, nor shall Salesperson utilize such information.

(Docket Entry No. 41 at 2-3).

---

[1] Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). As discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). The Court concludes that there are not any material factual disputes. Thus, this section constitutes finding of facts under Fed.R.Civ.P. 56(d). Based upon Defendants' responses to Plaintiffs Statement of Undisputed Facts (Docket Entry No. 52) and the applicable law, the Court finds that there are not any material factual disputes. Thus, this section constitutes findings of fact under Fed. R. Civ. P. 56(d).

2

During his employment with Plaintiff, Austin, in fact, received proprietary and confidential information about Plaintiff's resort's owner lists, owner contacts, marketing and sales methods, strategies, policies, practices and information, cost and pricing information, financial records, computer records, and employee records. Austin also had direct contacts with Plaintiff's timeshare owners.

On September 13, 2008, Austin left Plaintiff and formed TAI, that assists individuals cancel their timeshare contracts with Plaintiff and secure refunds of their timeshare payments from Plaintiff. In late 2009, Plaintiff became aware Austin and his relationship with TAI. Plaintiff filed an action, in this District asserting Defendants and others violated Tennessee laws and Austin breached his non-disclosure agreement with Plaintiff. Wyndham Vacation Resorts, Inc. v. TOA, LLC, No. 3:09-0899, 2010 WL 4024066 (M.D. Tenn. Oct. 12, 2010). The Court granted a temporary restraining order and a preliminary injunctions against Austin and damages as to two Defendants. Id. at Docket Entry Nos. 6, 16, 63 and 179.

On or about January 15, 2010, Plaintiff entered into a Settlement Agreement, with Defendants under which Austin, TAI and any employee, agent, or servant of TAI agreed to cease and desist immediately from providing any "services" to any person who has purchased a timeshare interest or any commodity, service or product from Plaintiff. (Docket Entry No. 1, Settlement Agreement at ¶ 1). The prohibited conduct included a ban on communicating with customers about their purchases or experiences with a timeshare interest or any other service or product from Plaintiff or its related companies. Defendants also agreed not to comment on Plaintiff's or its related company business's practices and agreed not to refer any customer to any third party or communicating with any third party about Plaintiff's customers. Austin and TAI

3

expressly agreed not to cooperate directly or indirectly nor act in concert with any third party to provide Plaintiff's customers any service or engage in any of the prohibited activities set forth in the Settlement Agreement.

Discovery in this action, revealed communications between Austin and TAI with Plaintiff's timeshare customers. After January 15, 2010, Defendant Austin used the email address sean@timeshareaide.com to forward seven inquiries from Plaintiff's timeshare owners to Bill Howell, owner of Orlando Ventures, LLD, doing business as Helping Timeshare Owners and Help 4 Timeshare Owners. (Docket Entry No. 42 at 1-5). The latter entities assist timeshare owners to cancel their timeshare contracts with Plaintiff. Id.

### B. Conclusions of Law

"The very reason of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Notes on Rule 56, Federal Civil Judicial Procedure and Rules (West Ed. 1989). Moreover, "district courts are widely acknowledged to possess the power to enter summary judgment sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Accord, Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

In Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), the United States Supreme Court explained the nature of a motion for summary judgment:

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

4

> entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact.
>
> <u>As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment</u>. Factual disputes that are irrelevant or unnecessary will not be counted.

477 U.S. at 247-48 (emphasis in the original and added in part). Earlier the Supreme Court defined a material fact for Rule 56 purposes as "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita Electrical Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (citations omitted).

A motion for summary judgment is to be considered after adequate time for discovery. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). Where there has been a reasonable opportunity for discovery, the party opposing the motion must make an affirmative showing of the need for additional discovery after the filing of a motion for summary judgment. <u>Emmons v. McLaughlin</u>, 874 F.2d 351, 355-57 (6th Cir. 1989). <u>But see Routman v. Automatic Data Processing, Inc.</u>, 873 F.2d 970, 971 (6th Cir. 1989).

There is a certain framework in considering a summary judgment motion as to the required showing of the respective parties as described by the Court in <u>Celotex</u>

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. . . . [W]e

5

find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.

Celotex, 477 U.S. at 323 (emphasis deleted).

As the Court of Appeals explained, "[t]he moving party bears the burden of satisfying Rule 56(c) standards." Martin v. Kelley, 803 F.2d 236, 239, n. 4 (6th Cir. 1986). The moving party's burden is to show "clearly and convincingly" the absence of any genuine issues of material fact. Sims v. Memphis Processors, Inc., 926 F.2d 524, 526 (6th Cir. 1991)(quoting Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986)). "So long as the movant has met its initial burden of 'demonstrating the absence of a genuine issue of material fact,' the nonmoving party then 'must set forth specific facts showing that there is a genuine issue for trial.'" Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989) (quoting Celotex and Rule 56(e)).

Once the moving party meets its initial burden, the Court of Appeals warned that "[t]he respondent must adduce more than a scintilla of evidence to overcome the motion [and]. . . must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)(quoting Liberty Lobby). Moreover, the Court of Appeals explained that

> The respondent must 'do more than simply show that there is some metaphysical doubt as to the material facts.' Further, '[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is 'implausible.'

6

Street, 886 F.2d at 1480 (cites omitted). See also Hutt v. Gibson Fiber Glass Prods. Inc., 914 F.2d 790, 792 (6th Cir. 1990) ("A court deciding a motion for summary judgment must determine 'whether the evidence presents a sufficient disagreement to require a submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." (quoting Liberty Lobby)).

If both parties make their respective showings, the Court then determines if the material factual dispute is genuine, applying the governing law.

> More important for present purposes, summary judgment will not lie if the dispute about a material fact is 'genuine' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.
>
> * * *
>
> Progressing to the specific issue in this case, we are convinced that the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict -- 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'

Liberty Lobby, 477 U.S. at 248, 252 (citation omitted and emphasis added).

It is likewise true that

Case 3:10-cv-01028   Document 68   Filed 09/22/11   Page 7 of 11 PageID #: 330

> [I]n ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. It has been stated that: `The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute. . . .'

Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6th Cir. 1962) (citation omitted). As the Court of Appeals stated, "[a]ll facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion." Duchon v. Cajon Co., 791 F.2d. 43, 46 (6th Cir. 1986) app. 840 F.2d 16 (6th Cir. 1988) (unpublished opinion) (citation omitted).

The Court of Appeals further explained the District Court's role in evaluating the proof on a summary judgment motion

> A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. Rule 56 contemplates a limited marshalling of evidence by the nonmoving party sufficient to establishing a genuine issue of material fact for trial. This marshalling of evidence, however, does not require the nonmoving party to "designate" facts by citing specific page numbers. Designate means simply "to point out the location of." Webster's Third New InterNational Dictionary (1986).
>
> Of course, the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the nonmoving party relies; but that need for specificity must be balanced against a party's need to be fairly apprised of how much specificity the district court requires. This notice can be adequately accomplished through a local court rule or a pretrial order.

InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) cert. denied 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990). Here, the parties have given some references to the proof upon which they rely.

In Street, the Court of Appeals discussed the trilogy of leading Supreme Court decisions, and other authorities on summary judgment and synthesized ten rules in the "new era" on summary judgment motions

1. Complex cases are not necessarily inappropriate for summary judgment.

2. Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

3. The movant must meet the initial burden of showing 'the absence of a genuine issue of material fact' as to an essential element of the non-movant's case.

4. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

5. A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the party must prevail as a matter of law.'

6. As on federal directed verdict motions, the 'scintilla rule' applies, i.e., the respondent must adduce more than a scintilla of evidence to overcome the motion.

7. The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.

8. The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'

9

9. The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

10. The trial court has more discretion than in the 'old era' in evaluating the respondent's evidence. The respondent must 'do more than simply show that there is some metaphysical doubt as to the material facts.' Further, '[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is 'implausible.

Street, 886 F.2d at 1479-80.

The Court has distilled from these collective holdings four issues that are to be addressed upon a motion for summary judgment: (1) has the moving party "clearly and convincingly" established the absence of material facts?; (2) if so, does the plaintiff present sufficient facts to establish all the elements of the asserted claim or defense?; (3) if factual support is presented by the nonmoving party, are those facts sufficiently plausible to support a jury verdict or judgment under the applicable law?; and (4) are there any genuine factual issues with respect to those material facts under the governing law?

Breach of contract claims present questions of law that can be resolved on summary judgment. Guiliano v. Cleo, Inc., 995 S.W.2d 88, 96 (Tenn. 1999); Doe v. HCA Health Servs. of Tenn., Inc., 46 S.W.3d 191, 196 (Tenn. 2001). Under Tennessee law, for a breach of contract, Plaintiff must prove "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of contract". BancorpSouth Bank, Inc. v. Hatchel, 223 S.W.3d 223, 227 (Tenn. Ct. App. 2006).

Here, the undisputed material facts establish each element of Plaintiff's claims. The Defendants' settlement agreement with Plaintiff is enforceable. The emails establish Austin's

10

and TAI's continuing referrals of Plaintiff's customers to third parties in violation of Settlement Agreement. Austin used the email address sean@timeshareaide.com to forward inquiries of Plaintiff's customers to Bill Howell, the Orlando Ventures, LLC, Helping Timeshare Owners and Help 4 Timeshare Owners that assist timeshare owners to cancel their timeshare contracts with Plaintiff. The cost of its timeshare customers damaged Plaintiff. Thus, the Court concludes that Plaintiff should be awarded partial summary judgment against Defendants TAI and Austin on liability.

The parties agree that the five thousand dollars ($5,000) liquidated damages provision in the settlement agreement and Defendants' seven improper referrals of Plaintiff's customers warrants an award of thirty-five thousand dollars ($35,000) against the Defendant.

For these reasons, this Court concludes that Plaintiff's motion for partial summary judgment should be granted.

An appropriate Order if filed herewith.

It is so **ORDERED**.

ENTERED this the 21st day of September, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge

11