## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| **WYNDHAM VACATION RESORTS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 3:10-cv-1028** |
| | ) | |
| **TIMESHARE ADVOCACY INTERNATIONAL, LLC, SEAN K. AUSTIN and CHARLES MCDOWELL,** | ) ) ) ) | **Judge Haynes** |
| | ) | |
| **Defendants.** | ) | |

---

### PLAINTIFF'S REQUEST FOR JURY INSTRUCTIONS

---

Plaintiff Wyndham Vacation Resorts, Inc. submits the following Requests for Jury Instructions.

**<u>Preliminary Instruction</u>:**

The Plaintiff in this case is Wyndham Vacation Resorts, Inc., who I will refer to as "Wyndham." The Defendants in this case are Timeshare Advocacy International, LLC, Sean Austin, and Charles McDowell. Unless I specify otherwise, I will refer to the Defendants collectively as the "TAI Defendants." Even though I refer to the TAI Defendants collectively, you should evaluate the cause of action as to all three defendants individually. In doing so, you may find that one, two, or all three defendants violated that particular cause of action.

**Proposed Instruction No. 10: Witness Willfully Lies**

You may conclude that a witness deliberately lied about a fact that is important to your decision in the case. If so, you may reject everything that witness said. On the other hand, if you decide that the witness lied about some things but told the truth about others, you may accept the part you decide is true and you may reject the rest.

T.P.I. - Civil 2.22; *McKinnon v. Michaud*, 260 S.W.2d 721 (Tenn. 1953); *Tenn. Cent. R. Co. v. Morgan*, 175 S.W. 1148 (Tenn. 1915).

N JLD 864094 v4
2903712-000014  12/14/2011

**Proposed Instruction No. 11: Burden of Proof - Preponderance of the Evidence**

In this action, Wyndham has alleged that the TAI Defendants have committed various wrongs, sometimes referred to as "causes of action."  I will describe what elements must be proven in the various causes of action in just a moment, but generally Wyndham has alleged that the Defendants have improperly obtained and used its confidential information to interfere with Wyndham's relationship with its Owners.  For each cause of action, Wyndham has the burden to prove the relevant elements by a preponderance of the evidence.

Preponderance of the evidence is the amount of evidence that causes you to conclude that an allegation is probably true.  This means that you must be persuaded by the evidence that Wyndham's allegation is more probably true than not.  If Wyndham has not established an essential element by a preponderance of the evidence, it has not met its burden of proof for that particular claim.  You must consider all the evidence on each issue.

T.P.I. - Civil 2.40; *Austin v. City of Memphis*, 684 S.W.2d 624 (Tenn. App. 1984).

N JLD 864094 v4
2903712-000014  12/14/2011

**Proposed Instruction No. 12: Breach of the Salesperson Agreements**

One of Wyndham's claims is against Mr. Austin and Mr. McDowell to recover damages for breach of contract for violation of their Salesperson Agreements.

A valid contract requires an offer, an acceptance, consideration or value, competent parties, and a legal purpose. Mr. Austin and Mr. McDowell are not challenging that the Salesperson Agreements are valid contracts. Therefore, you must only decide whether Mr. Austin or Mr. McDowell breached, or violated, the terms of the Sales Agreements. If Mr. Austin or Mr. McDowell did not comply with the contract terms, then that party has committed a breach of the Salesperson Agreement. Any unexcused breach of contract allows the non-breaching party, in this case Wyndham, to recover damages.

Wyndham alleges that Mr. Austin and Mr. McDowell each violated their Salesperson Agreement by using confidential information they learned about, or obtained, during their employment, and by disclosing this information to third parties. Mr. Austin and Mr. McDowell deny this.

T.P.I. - Civil 13.10; *Bancorpsouth Bank, Inc. v. Hatchel*, 223 S.W.3d 223 (Tenn. Ct. App. 2006).

N JLD 864094 v4
2903712-000014  12/14/2011

**Proposed Instruction No. 13: Unjust Enrichment**

As an entity, TAI did not have a Salesperson Agreement with Wyndham, but you may still find that TAI was unjustly enriched. Similarly, even if you do not find that Mr. Austin or Mr. McDowell's actions violated their Salespersons Agreement you may still find that one or both of them were unjustly enriched.

Unjust enrichment is sometimes referred to as a "quasi-contract." A "quasi-contract" addresses situations in which the relationship between two parties is not governed by a contract, or when a previously valid contract is expired, but the defendant will be unjustly enriched if a quasi-contractual obligation is not awarded. In order to find that any of the TAI Defendants were unjustly enriched, Wyndham must prove:

1. That it gave the TAI Defendant a benefit;

2. The TAI Defendant did in fact realize on the benefit; and

3. Under the circumstances it would be unfair for the TAI Defendant to have accepted such a benefit without paying for the value of it.

If you determine that any TAI Defendant was unjustly enriched by Wyndham you will determine the value of the benefit in light of all the facts and circumstances.

*Whitehaven Community Baptist Church v. Holloway*, 973 S.W.2d 592 (Tenn. 1998); *Paschall's Inc. v. Dozier*, 407 S.W.2d 150 (Tenn. 1966).

5

**Proposed Instruction No. 14: Procurement of Breach of Contract**

Wyndham alleges that the TAI Defendants have caused various Wyndham Owners to breach their contracts with Wyndham. In legal terms this is called the "procurement of breach of contract." Wyndham is entitled to recover damages for procurement of breach of contract if it proves that:

1. Wyndham and the Wyndham Owners had a contract;

2. The TAI Defendants had knowledge of the contract;

3. The TAI Defendants intended to bring about or cause breach of the contract;

4. The TAI Defendants acted maliciously;

5. The contract was in fact breached;

6. The TAI Defendants' actions were the cause of the breach; and

7. Wyndham suffered damages because of the breach.

T.P.I. - Civil 13.14; TENN. CODE ANN. § 47-50-109; *New Life Corp. v. Thomas Nelson, Inc.*, 932 S.W.2d 921 (Tenn. App. 1996).

N JLD 864094 v4
2903712-000014  12/14/2011

**Proposed Instruction No. 15: Procurement of Breach of Contract - Malice**

In order to recover for procurement of breach of contract, Wyndham must show that the TAI Defendants acted with "malice." Malice in this context does not require ill well or spite toward Wyndham. Malice of this type requires the showing of an intentional commission of a harmful act without justifiable cause. If the TAI Defendants had no legally protected purpose behind their actions, they are considered legally malicious.

*AM International, Inc. v. Tennessee Valley Authority*, 46 BR 566 (Bankr. M.D. Tenn. 1985).

N JLD 864094 v4
2903712-000014  12/14/2011

**Proposed Instruction No. 16: Procurement of Breach of Contract - Compensatory Damages**

If you find that Wyndham is entitled to recover damages for procurement of breach of contract, you shall award it an amount that will compensate it for all damages caused by the TAI Defendants' interference with Wyndham's contracts. This includes compensation for:

1. The monetary loss on the contract, defined as the sum of money necessary to put Wyndham in the same position it would have been in if the contract was fully performed according to its terms, including loss of profits;

2. Any consequential loss, defined as any direct out-of-pocket expense incurred by a party directly because of the breach. This loss must have been within the contemplation of Wyndham and the Wyndham Owners;

3. Emotional distress and actual harm to Wyndham's reputation, if these losses should have been reasonably expected as a result of the interference.

When you are evaluating damages under the various causes of action regarding the TAI Defendants' alleged interference with Wyndham's relationship with its Owners, you should remember that each of the elements of damages is separate. You may not duplicate damages for any element by also including that same loss or harm in another element of damages.

T.P.I. - Civil 13.15; 14.01; TENN. CODE. ANN. § 47-50-109.

N JLD 864094 v4
2903712-000014  12/14/2011

**Proposed Instruction No. 17: Procurement of Breach of Contract - Treble Damages**

Wyndham is entitle to treble its damages for procurement of breach of contract if you think it has established its case by clear and convincing evidence. Clear and convincing evidence is a different and higher standard than preponderance of the evidence, the standard used to evaluate the vast majority of the issues in the instant action, and should not be applied in your evaluations of the other claims unless I explicitly tell you to do so. To prove an issue by clear and convincing evidence, the party having that burden must show that the proposed conclusion is highly probable and that there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.

TENN. CODE. ANN. § 47-50-109; *Buddy Lee Attractions, Inc. v. William Morris Agency, Inc.*, 13 S.W.2d 343 (Tenn. Ct. App. 1999); *see also* T.P.I. - Civil 2.41; *O'Daniel v. Messier*, 905 S.W.2d 182 (Tenn. App. 1995).

N JLD 864094 v4
2903712-000014  12/14/2011

**Proposed Instruction No. 18: Intentional Interference with Business Relationships & Unfair Competition**

Wyndham seeks to recover damages that it alleges were caused by the TAI Defendants' wrongful interference with Wyndham's business relationship with its Owners. Wyndham cannot recover if the interference was a proper competitive business practice. For example, if Wyndham was attempting to sign a potential customer, but another party prevented that relationship by offering the potential customer a better deal, that would considered a proper competitive business practice. Wyndham can recover if the TAI Defendants unfairly interfered with Wyndham's business relationship with its Owners by using improper means, or if the TAI Defendants acted with the predominate purpose of injuring Wyndham.

To recover damages, Wyndham must prove that:

1. It had an existing business relationship with the Owner;

2. The TAI Defendants knew about the relationship;

3. The business relationship ended;

4. The relationship ended as a result of the TAI Defendants' intentional improper motive or means; and

5. The TAI Defendants actions caused damage to Wyndham.

Improper conduct varies based on the circumstances of a given case, but improper conduct may include, violation of other laws or statutes, fraud, misrepresentation, inaccurate and damaging statements, or misuse of confidential information.

If you find that Wyndham is entitled to recover damages for interference with its business relationships, you should award it an amount that will compensate it for all damages caused by the TAI Defendants' interference.

10

T.P.I. - Civil 13.16; *Trau-Med of Am., Inc. v. Allstate Insurance Co.*, 71 S.W.3d 691 (Tenn. 2002); PROSSER AND KEETON ON THE LAW OF TORTS § 130 at 1013 (5th ed. 1984).

N JLD 864094 v4
2903712-000014  12/14/2011

**Proposed Instruction No. 19: Unfair Competition - Punitive Damages**

If you find that the TAI Defendants have engaged in Unfair Competition, Wyndham has asked that you make an award of punitive damages, but this award may be made only under the following circumstances. You may consider an award of punitive damages only if you find that Wyndham has suffered actual damage as a legal result of the TAI Defendants' fault and you have made an award for compensatory damages.

The purpose of punitive damages is not to further compensate Wyndham but to punish the TAI Defendants as wrongdoers and deter others from committing similar wrongs in the future. Punitive damages are reserved for egregious conduct. Punitive damages may be considered if, and only if, the Wyndham has shown by clear and convincing evidence that the TAI Defendants acted intentionally, recklessly, maliciously, or fraudulently.

As I have pointed out to you before, clear and convincing evidence is a different and higher standard than preponderance of the evidence. It means that the defendant's wrong, if any, must be so clearly shown that there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.

A person acts intentionally when it is the person's purpose or desire to do a wrongful act or to cause the result.

A person acts recklessly when the person is aware of, but consciously disregards a substantial and unjustifiable risk of injury or damage to another. Disregarding the risk must be a gross deviation from the standard of care that an ordinary person would use under all the circumstances.

A person acts maliciously when the person is motivated by ill will, hatred or personal

12

spite.

A person acts fraudulently when the person intentionally either misrepresents an existing material fact or causes a false impression of an existing material fact to mislead or to obtain an unfair or undue advantage; and another person suffers injury or loss because of reasonable reliance upon that representation.

T.P.I. - Civil 14.55; *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992).

N JLD 864094 v4
2903712-000014  12/14/2011

**Proposed Instruction No. 20: Unfair Competition - Punitive Damages Amount**

If you decide that the Wyndham should be awarded punitive damages, you must decide the amount of those damages. Wyndham has the burden of proving by a preponderance of the evidence the amount of punitive damages that you should award.

In making your decision you must consider the instructions I have already given you and also the following:

1. The TAI Defendants' net worth and financial condition;

2. The objectionable nature of the TAI Defendants' wrongdoing, the impact of the their conduct on Wyndham, and the relationship of the parties

3. The TAI Defendants' awareness of the amount of harm being caused and the TAI Defendants' motivation in causing the harm;

4. The duration of the misconduct and whether the TAI Defendants' attempted to conceal the conduct;

5. The amount of money Wyndham has spent in the attempt to recover the losses;

6. Whether the TAI Defendants profited from the activity, and if so, whether the punitive award should be in excess of the profit in order to deter similar future behavior;

7. The number and amount of previous punitive damage awards against the TAI Defendants based upon the same wrongful act;

8. Whether, once the misconduct became known to the TAI Defendants, they tried to remedy the situation or offered a prompt and fair settlement for the actual harm caused; and

9. Any other circumstances shown by the evidence that bears on determining the proper

N JLD 864094 v4
2903712-000014  12/14/2011

amount of the punitive award.

T.P.I. - Civil 14.56.

N JLD 864094 v4
2903712-000014  12/14/2011

**<u>Proposed Instruction No. 21:  Violation of the Tennessee Uniform Trade Secrets Act</u>**

Wyndham alleges that the TAI Defendants misappropriated its trade secrets. To succeed on this claim, Wyndham must prove by a preponderance of the evidence that:

1.  Wyndham had a trade secret; and

2.  The TAI Defendant misappropriated the trade secret.

    Tenn. Code Ann. § 47-25-1701, *et seq*.

N JLD 864094 v4
2903712-000014  12/14/2011

**Proposed Instruction No. 22:  Existence of a Trade Secret**

A "trade secret" means information that derives independent economic value, whether actual or potential, from not being generally known to other persons and not being readily ascertainable by other persons using proper means.  Furthermore, for a trade secret to exist, the owner of the trade secret must make reasonable efforts to maintain its secrecy.

A trade secret may consist of various types of information. For instance, a trade secret may consist of technical, nontechnical, financial, or commercial data or a formula, pattern, compilation, program, device, method, technique, process, or plan.

Matters generally known to other persons and readily ascertainable through proper means cannot be trade secrets. The time and cost required to develop the trade secret is a factor in determining whether the product is readily ascertainable.  "Readily" is commonly defined as "without much difficulty."  To "ascertain" is commonly defined as "to make certain, exact, or precise," "to find out or learn with certainty."  Although a trade secret cannot exist if its components are in the public domain, it can exist if the combination of its components is itself secret and affords its owner a competitive advantage.

A trade secret's secrecy need not be absolute.  Wyndham need only have taken reasonable precautions to protect the secrecy of its trade secret.

TENN. CODE ANN. § 47-25-1702(4); *Reingold v. Swiftships, Inc.*, 126 F.3d 645 (5th Cir. 1997); *Integrated Cash Management Servs., Inc. v. Digital Transactions, Inc.*, 920 F.2d 171, 174 (2d Cir. 1990); *Hickory Specialties Inc. v. B & L Lab., Inc.*, 592 S.W.2d 583 (Tenn. Ct. App. 1979); WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY.

N JLD 864094 v4
2903712-000014  12/14/2011

**Proposed Instruction No. 23: Misappropriation of a Trade Secret**

If you find Wyndham had a trade secret, you must then determine if the trade secret was misappropriated. There are two ways the TAI Defendants could have misappropriated Wyndham's trade secret.

First, the TAI Defendants have misappropriated Wyndham's trade secret if any one of them acquired the trade secret and knew or had reason to know that the trade secret was acquired by improper means.

Second, the TAI Defendants have misappropriated Wyndham's trade secret if any one of them used or disclosed the trade secret without the express or implied consent of Wyndham, and either (1) used improper means to acquire knowledge of the trade secret; or (2) at the time of disclosure or use, knew or had reason to know that they got the trade secret from a person who utilized improper means to acquire it, or a person who owed a duty to the trade secret owner to maintain its secrecy or limit its use.

A trade secret is acquired by "improper means" if it is obtained by theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy or limit use, or espionage through electronic or other means.

To be liable for misappropriation of trade secrets, a defendant need not use the trade secret in exactly the same form or manner in which it received it. Further, you do not need to find that the TAI Defendants actually copied or used each and every part of Wyndham's trade secret.

TENN. CODE ANN. § 47-25-1702(1), 47-25-1702(2); *Mangren Research & Development Corp. v. National Chem. Co., Inc.*, 87.F.3d 937 (7th Cir. 1996).

18

**Proposed Instruction No. 24: Trade Secret Damages**

If you find that any TAI Defendant misappropriated Wyndham's trade secret, Wyndham must show the damages it suffered. The amount of damages is not always certain, and you should calculate damages to a reasonable estimation based on your reason and logic. Your award should fairly compensate Wyndham for damages caused by a TAI Defendant's misappropriation. Damages are caused by misappropriation if they result from the natural and continuous sequence of the misappropriation, and would not have occurred without it.

In determining your calculation you should award Wyndham for its actual loss caused by misappropriation plus unjust enrichment to the TAI Defendants as a result of the misappropriation.

If you find that a TAI Defendant has misappropriated a Wyndham trade secret, you must determine whether Wyndham has established by a preponderance of the evidence that such misappropriation was willful and malicious. A person acts "willfully" when the act is done voluntarily and intentionally and with the specific intent to commit such an act.

A person acts "maliciously" if the act is prompted by ill will or such gross indifference to the rights of others as to amount to a willful act done intentionally without just cause or excuse. You may, but do not have to find, that the TAI Defendants held ill will or spite toward Wyndham.

TENN. CODE ANN. § 47-25-1704; *Bigelow v. RKO Radio Pictures*, 66 S.Ct. 574 (1946); *AM International, Inc. v. Tennessee Valley Authority*, 46 BR 566 (Bankr. M.D. Tenn. 1985); O'MALLEY, GRENIG & LEE - 127.15; *see also* T.P.I. - Civil 3.22.

19

**Proposed Instruction No. 25: Unauthorized Practice of Law**

Wyndham alleges that both Mr. Austin and Mr. McDowell have engaged in the unauthorized practice of law to its detriment. Mr. Austin and Mr. McDowell admit that they are not licensed to practice law. Mr. Austin and Mr. McDowell have engaged in the unauthorized practice of law if Wyndham shows by a preponderance of the evidence that they received compensation from, or solicited any person for, advising or counseling on the law, drawing papers or documents that affected legal rights, or acting in a way to secure any kind of property right.

If you find that Mr. Austin or Mr. McDowell engaged in the unauthorized practice of law, Wyndham can recover any actual damages suffered as a result of the unauthorized practice.

Tenn. Code Ann. § 23-3-103, 23-3-112.

20

**Proposed Instruction No. 26: Tennessee Consumer Protection Act**

Wyndham alleges that the TAI Defendants violated the Tennessee Consumer Protection Act. The Tennessee Consumer Protection Act allows a person to recover actual damages for a loss of money, property or thing of value as a result of another person's use of an unfair or deceptive act. Under the Tennessee Consumer Protection Act, a corporation is considered a person.

To recover damages from the TAI Defendants, Wyndham must prove by a preponderance of the evidence that the TAI Defendants act or practice was unfair or deceptive; and that Wyndham suffered a loss of money, property or thing of value as a result of the TAI Defendants' unfair or deceptive act.

You, the jury, may determine whether the TAI Defendants conduct is deceptive of unfair. A deceptive act or practice is one that tends to deceive, that causes a person to believe what is false, or that misleads or tends to mislead a consumer as to a matter of fact. Deceptive acts or practices may consist of statements, silence, or actions.

On the other hand, unfair conduct is even broader. It is conduct that causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and is not outweighed by benefits to consumers or competition.

If you find that Wyndham has proven by the preponderance of the evidence that any TAI Defendant in an unfair or deceptive practice then you should find for Wyndham on that claim.

T.P.I. - Civil 11.45; Tenn. Code Ann. § 47-18-101 *et seq*; *Tucker v. Sierra Builders*, 180 S.W.3d 109 (Tenn. Ct. App. 2005).

N JLD 864094 v4
2903712-000014  12/14/2011

**Proposed Instruction No. 27: Tennessee Consumer Protection Act - Election of Damages**

As I have stated, Wyndham has sued the TAI Defendants under several different theories. At this point I would like you to focus on Wyndham's claims for violation of the Tennessee Consumer Protection Act and Unfair Competition. You must consider each of these claims separately and determine whether Wyndham should recover under one of these claims, both of these claims, or neither. If you find in favor of Wyndham, it will be awarded the amount of damages, if any, you find to be appropriate. But, if you find for Wyndham on both the Tennessee Consumer Protection Law claim and the Unfair Competition punitive damages claim, Wyndham cannot recover both damages, and will have to choose which theory to accept damages under.

In other words, if you decide Wyndham should recover monetary damages from any TAI Defendant, Wyndham will be able to recover those damages only once, even if you find that Wyndham has proven both the Tennessee Consumer Protection claim and the claim based on Unfair Competition. However, you still must decide and calculate damages under each claim.

T.P.I. - Civil 11.47; *Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901 (Tenn. 1999).

N JLD 864094 v4
2903712-000014  12/14/2011

## Proposed Instruction No. 28: Civil Conspiracy

Wyndham alleges that the TAI Defendants' actions constitute a civil conspiracy. A civil conspiracy is a combination between two or more persons to accomplish, by working together, an unlawful purpose, or to accomplish a purpose that may not be unlawful in and of itself, but is accomplished by unlawful means

In order for Wyndham to recover for civil conspiracy it must prove each of the following elements:

1. Two or more of the TAI Defendants engaged in unlawful conduct against Wyndham;

2. Those defendants participated in the common design of such unlawful conduct;

3. Those defendants acted in concert or acted together to further such unlawful conduct;

4. Those defendants acted openly to carry out the purpose of the conspiracy or common design; and

5. Wyndham was damaged as a result of the actions of the TAI Defendants acting together.

*Kincaid v. Southtrust Bank*, 221 S.W.3d 32 (Tenn. Ct. App. 2006).

N JLD 864094 v4
2903712-000014  12/14/2011

**Proposed Instruction No. 29: The Effect of Partial Summary Judgment**

You have heard about a settlement agreement between Wyndham and TAI and Sean Austin that was entered into before this case was filed. This Court previously determined that TAI and Sean Austin breached this settlement agreement by referring Wyndham Owners to third parties. The Court has already awarded Wyndham $35,000 for this breach. This award should not influence your decision in deciding the causes of action remaining in this case.

N JLD 864094 v4
2903712-000014  12/14/2011

**Proposed Instruction No. 30: Each Juror Should Deliberate**

Each of you should deliberate and vote on each issue to be decide. However, before you return your verdict, each of you must agree on the answer to each question so that each of you will be able to state truthfully that the verdict is yours.

T.P.I. - Civil 15.16.

N JLD 864094 v4
2903712-000014  12/14/2011

**Proposed Instruction No. 31: Concluding**

You will now retire and select one of you to be the presiding juror for your deliberations. As soon as all of you have agreed upon a verdict, the presiding juror will complete and sign the verdict form and you will return with it to this room.

You may deliberate only when all of you are present in the jury room. You may not resume your deliberations after any breaks until all of you have returned to the jury room.

T.P.I. - Civil 15.21.

DATED this 14th day of December, 2011.

Respectfully submitted,

/s/ *Courtney H. Gilmer*
Courtney H. Gilmer
Jaime L. DeRensis
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201
(615) 726-5747 (telephone)
(615) 744-5747 (fax)
cgilmer@bakerdonelson.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties not so indicated on the electronic filing receipt will be served by undersigned counsel by first class mail, postage prepaid. Parties may access this filing through the Court's electronic filing system. Counsel in this case who will be sent notice by the court as indicated by the electronic filing receipt or who will be served by undersigned counsel are:

Greg Oakley
Drescher Heller Pieper Martin PC
1720 West End Avenue, Suite 300
Nashville, Tennessee 37203

Lyndsay Smith Hyde
McKellar Hyde, PLC
411 Broadway, Suite 302
Nashville, Tennessee 37203

/s/ *Courtney H. Gilmer*

27