IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| WYNDHAM VACATION RESORTS, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:10-cv-1028 ) |
| TIMESHARE ADVOCACY INTERNATIONAL, LLC, SEAN K. AUSTIN and CHARLES MCDOWELL, | ) Judge Haynes ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S PROPOSED VERDICT FORM**

Plaintiff Wyndham Vacation Resorts, Inc. ("Wyndham" or "Plaintiff"), submits the following Proposed Jury Verdict Form.

1. Do you find by a preponderance of the evidence that Sean Austin breached his Salesperson Agreement with Wyndham?

    Yes _____      No _____

    [If your answer to Question No. 1 is "yes," please proceed to Question No. 2. If your answer to Question No. 1 is "no," please proceed to Question No. 3]

2. What is the amount of Wyndham's damages due to this breach?

    _____

    [Please proceed to Question No. 3]

1

3. Do you find by a preponderance of the evidence that Charles McDowell breached his Salesperson Agreement with Wyndham?

Yes _____  No _____

[If your answer to Question No. 3 is "yes," please proceed to Question No. 4. If your answer to Question No. 3 is "no," please proceed to Question No. 5]

4. What is the amount of Wyndham's damages due to this breach?

_____

[Please proceed to Question No. 5]

5. Do you find by a preponderance of the evidence that Timeshare Advocacy International, LLC was unjustly enriched?

Yes _____  No _____

[If your answer to Question No. 5 is "yes," please proceed to Question No. 6. If your answer to Question No. 5 is "no," please proceed to Question No. 7]

6. What is the value of the benefit received by Timeshare Advocacy International, LLC?

_____

[Please proceed to Question No. 7]

7. Do you find by a preponderance of the evidence that Sean Austin was unjustly enriched?

Yes _____ No _____

[If your answer to Question No. 7 is "yes," please proceed to Question No. 8. If your answer to Question No. 7 is "no," please proceed to Question No. 9]

8. What is the value of the benefit received by Sean Austin?

_____

[Please proceed to Question No. 9]

9. Do you find by a preponderance of the evidence that Charles McDowell was unjustly enriched?

Yes _____ No _____

[If your answer to Question No. 9 is "yes," please proceed to Question No. 10. If your answer to Question No. 9 is "no," please proceed to Question No. 11]

10. What is the value of the benefit received by Charles McDowell?

_____

[Please proceed to Question No. 11]

11. Do you find by a preponderance of the evidence that Timeshare Advocacy International, LLC procured a breach of the Wyndham Owner contracts?

Yes _____ No _____

3

[If your answer to Question No. 11 is "yes," please proceed to Question No. 12.

If your answer to Question No. 11 is "no," please proceed to Question No. 14]

12. What is the total amount of Wyndham's damages for Timeshare Advocacy International, LLC's procurement of breach of contract?

_____

[Please proceed to Question No. 13]

13. Do you find that Wyndham has shown that that Timeshare Advocacy International, LLC procured a breach of the Wyndham Owner contracts by clear and convincing evidence?

Yes _____      No _____

[Please proceed to Question No. 14]

14. Do you find by a preponderance of the evidence that Sean Austin procured a breach of the Wyndham Owner contracts?

Yes _____      No _____

[If your answer to Question No. 14 is "yes," please proceed to Question No. 15.

If your answer to Question No. 14 is "no," please proceed to Question No. 17]

15. What is the total amount of Wyndham's damages for Sean Austin's procurement of breach of contract?

_____

[Please proceed to Question No. 16]

16. Do you find that Wyndham has shown that that Sean Austin procured a breach of the Wyndham Owner contracts by clear and convincing evidence?

Yes _____      No _____

[Please proceed to Question No. 17]

17. Do you find by a preponderance of the evidence that Charles McDowell procured a breach of the Wyndham Owner contracts?

Yes _____      No _____

[If your answer to Question No. 17 is "yes," please proceed to Question No. 18.

If your answer to Question No. 17 is "no," please proceed to Question No. 20]

18. What is the total amount of Wyndham's damages for Sean Austin's procurement of breach of contract?

_____

[Please proceed to Question No. 19]

19. Do you find that Wyndham has shown that that Charles McDowell procured a breach of the Wyndham Owner contracts by clear and convincing evidence?

Yes _____      No _____

[Please proceed to Question No. 20]

20. Do you find by a preponderance of the evidence that Timeshare Advocacy International, LLC intentionally interfered with Wyndham's business relationships?

Yes _____ No _____

[If your answer to Question No. 20 is "yes," please proceed to Question No. 21.

If your answer to Question No. 20 is "no," please proceed to Question No. 24]

21. What is the total amount of Wyndham's damages for Timeshare Advocacy International LLC's intentional interference with its business relationships?

_____

[Please proceed to Question No. 22]

22. Has Wyndham proven by clear and convincing evidence with regard to Timeshare Advocacy International, LLC's intentional interference with its business relationships that Timeshare Advocacy International, LLC acted intentionally, recklessly, maliciously, or fraudulently?

Yes _____ No _____

[If your answer to Question No. 22 is "yes," please proceed to Question No. 23.

If your answer to Question No. 22 is "no," please proceed to Question No. 24]

23. What amount of punitive damages should be assessed to Timeshare Advocacy International, LLC?

_____

[Please proceed to Question No. 24]

24. Do you find by a preponderance of the evidence that Sean Austin intentionally interfered with Wyndham's business relationships?

    Yes _____          No _____

[If your answer to Question No. 24 is "yes," please proceed to Question No. 25.

If your answer to Question No. 24 is "no," please proceed to Question No. 28]

25. What is the total amount of Wyndham's damages for Sean Austin's intentional interference with its business relationships?

    _____

[Please proceed to Question No. 26]

26. Has Wyndham proven by clear and convincing evidence with regard to Sean Austin's intentional interference with its business relationships that Sean Austin acted intentionally, recklessly, maliciously, or fraudulently?

    Yes _____          No _____

[If your answer to Question No. 26 is "yes," please proceed to Question No. 27.

If your answer to Question No. 26 is "no," please proceed to Question No. 28]

27. What amount of punitive damages should be assessed to Sean Austin?

    _____

[Please proceed to Question No. 28]

28. Do you find by a preponderance of the evidence Charles McDowell intentionally interfered with Wyndham's business relationships?

    Yes _____         No _____

[If your answer to Question No. 28 is "yes," please proceed to Question No. 29.

If your answer to Question No. 28 is "no," please proceed to Question No. 32]

29. What is the total amount of Wyndham's damages for Charles McDowell's intentional interference with its business relationships?

    _____

[Please proceed to Question No. 30]

30. Has Wyndham proven by clear and convincing evidence with regard to Charles McDowell's intentional interference with its business relationships that Charles McDowell acted intentionally, recklessly, maliciously, or fraudulently?

    Yes _____         No _____

[If your answer to Question No. 30 is "yes," please proceed to Question No. 31.

If your answer to Question No. 30 is "no," please proceed to Question No. 32]

31. What amount of punitive damages should be assessed to Charles McDowell?

    _____

[Please proceed to Question No. 32]

32. Do you find by a preponderance of the evidence that Timeshare Advocacy International, LLC violated the Tennessee Uniform Trade Secrets Act?

   Yes _____   No _____

   [If your answer to Question No. 32 is "yes," please proceed to Question No. 33.

   If your answer to Question No. 32 is "no," please proceed to Question No. 35]

33. What is the total amount of Wyndham's damages for Timeshare Advocacy International, LLC's violation of the Tennessee Uniform Trade Secrets Act?

   _____

   [Please proceed to Question No. 34]

34. Do you find by a preponderance of the evidence that Timeshare Advocacy International, LLC's violation of the Tennessee Uniform Trade Secrets Act was willful and malicious?

   Yes _____   No _____

   [Please proceed to Question No. 35]

35. Do you find by a preponderance of the evidence that Sean Austin violated the Tennessee Uniform Trade Secrets Act?

   Yes _____   No _____

   [If your answer to Question No. 35 is "yes," please proceed to Question No. 36.

   If your answer to Question No. 35 is "no," please proceed to Question No. 38]

9

36. What is the total amount of Wyndham's damages for Sean Austin's violation of the Tennessee Uniform Trade Secrets Act?

    _____

    [Please proceed to Question No. 37]

37. Do you find by a preponderance of the evidence that Sean Austin's violation of the Tennessee Uniform Trade Secrets Act was willful and malicious?

    Yes _____     No _____

    [Please proceed to Question No. 38]

38. Do you find by a preponderance of the evidence that Charles McDowell violated the Tennessee Uniform Trade Secrets Act?

    Yes _____     No _____

    [If your answer to Question No. 38 is "yes," please proceed to Question No. 39.

    If your answer to Question No. 38 is "no," please proceed to Question No. 41]

39. What is the total amount of Wyndham's damages for Charles McDowell's violation of the Tennessee Uniform Trade Secrets Act?

    _____

    [Please proceed to Question No. 40]

40. Do you find by a preponderance of the evidence that Charles McDowell's violation of the Tennessee Uniform Trade Secrets Act was willful and malicious?

10

Yes _____     No _____

[Please proceed to Question No. 41]

41. Do you find that Sean Austin engaged in the unauthorized practice of law?

    Yes _____     No _____

    [If your answer to Question No. 41 is "yes," please proceed to Question No. 42.

    If your answer to Question No. 41 is "no," please proceed to Question No. 43]

42. What is the total amount of Wyndham's damages for Sean Austin's unauthorized practice of law?

    _____

    [Please proceed to Question No. 43]

43. Do you find that Charles McDowell engaged in the unauthorized practice of law?

    Yes _____     No _____

    [If your answer to Question No. 43 is "yes," please proceed to Question No. 44.

    If your answer to Question No. 43 is "no," please proceed to Question No. 45]

44. What is the total amount of Wyndham's damages for Charles McDowell's unauthorized practice of law?

    _____

    [Please proceed to Question No. 45]

45. Do you find that Timeshare Advocacy International, LLC violated the Tennessee Consumer Protection Act?

Yes _____  No _____

[If your answer to Question No. 45 is "yes," please proceed to Question No. 46.

If your answer to Question No. 45 is "no," please proceed to Question No. 47]

46. What is the total amount of Wyndham's damages for Timeshare Advocacy International's violation of the Tennessee Consumer Protection Act?

_____

[Please proceed to Question No. 47]

47. Do you find that Sean Austin violated the Tennessee Consumer Protection Act?

Yes _____  No _____

[If your answer to Question No. 47 is "yes," please proceed to Question No. 48.

If your answer to Question No. 47 is "no," please proceed to Question No. 49]

48. What is the total amount of Wyndham's damages for Sean Austin's violation of the Tennessee Consumer Protection Act?

_____

[Please proceed to Question No. 49]

49. Do you find that Charles McDowell violated the Tennessee Consumer Protection Act?

Yes _____  No _____

[If your answer to Question No. 49 is "yes," please proceed to Question No. 50.

If your answer to Question No. 49 is "no," please proceed to Question No. 51]

50. What is the total amount of Wyndham's damages for Charles McDowell's violation of the Tennessee Consumer Protection Act?

_____

[Please proceed to Question No. 51]

51. Do you find by a preponderance of the evidence that the Defendants engaged in a civil conspiracy?

Yes _____  No _____

[If your answer to Question No. 51 is "yes," please proceed to Question No. 52.

If your answer to Question No. 51 is "no," please sign the verdict form and alert an officer of the Court]

52. List the names of the Defendants engaged in the civil conspiracy.

_____

[Please proceed to Question No. 53]

53. What is the total amount of Wyndham's damages as a result of the civil conspiracy?

_____

[Please sign the verdict form and alert an officer of the Court]

_____
*Foreperson*

_____
Date

DATED this 14th day of December, 2011.

Respectfully submitted,

*/s/ Courtney H. Gilmer*
Courtney H. Gilmer
Jaime L. DeRensis
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201
(615) 726-5747 (telephone)
(615) 744-5747 (fax)
cgilmer@bakerdonelson.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 14, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties not so indicated on the electronic filing receipt will be served by undersigned counsel by first class mail, postage prepaid. Parties may access this filing through the Court's electronic filing system. Counsel in this case who will be sent notice by the court as indicated by the electronic filing receipt or who will be served by undersigned counsel are:

      Greg Oakley
      Drescher Heller Pieper Martin PC
      1720 West End Avenue, Suite 300
      Nashville, Tennessee 37203

      Lyndsay Smith Hyde
      McKellar Hyde, PLC
      411 Broadway, Suite 302
      Nashville, Tennessee 37203

      /s/ *Courtney H. Gilmer*