# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

|  |  |  |
|---|---|---|
| **WYNDHAM VACATION RESORTS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:10-cv-1028** |
| | ) | |
| **TIMESHARE ADVOCACY INTERNATIONAL, LLC, SEAN K. AUSTIN and CHARLES MCDOWELL,** | ) ) ) ) | **Judge Haynes** |
| | ) | |
| **Defendants.** | ) | |

_____

## JOINT REQUEST FOR SPECIAL JURY INSTRUCTIONS BY DEFENDANTS
_____

Come the Defendants, Sean K. Austin, Timeshare Advocacy International, LLC, and Charles McDowell, by and through counsel, and hereby submit the following joint requests for special jury instructions.

**Defendant's Proposed Special Instruction No. 1 : Misappropriation of Trade Secrets under the Trade Secrets Act**

To be successful on its claim for violation of the Tennessee Uniform Trade Secrets Act, Plaintiff must establish all of the following three elements by a preponderance of the evidence:

(1)     The existence of trade secret;

(2)     Misappropriation of the trade secret by the defendant; and

(3)     Resulting damage to Plaintiff as a result of the use of the trade secret.

These elements will be discussed individually in the instructions that follow.

*ProductiveMD, LLC v. 4UMD, LLC*, _____ F. Supp.2d _____, 2011 WL 4481123, slip op. at 4 (M.D. Tenn. 2011); *Tenn.Code Ann. §§ 47-25-1701 to 1709 (2005);* *Stratienko v. Cordis Corp.,* 429 F.3d 592, 600 (6th Cir.2005)

**Defendant's Proposed Special Instruction No. 2 : Definition of Trade Secrets**

In this case, Plaintiff contends that the following are trade secrets that were misappropriated by the Defendants:

(a) _____;

(b) _____;

(c) _____.

You must first determine whether (a), (b), or (c) is a trade secret that is possessed by Plaintiff.

A trade secret may consist of any formula, process, pattern, device or compilation of information that is used in one's business and which gives one an opportunity to obtain an advantage over competitors who do not use it.

The subject matter of a trade secret must be secret. Matters of public knowledge or general knowledge in the industry or ideas which are well known or easily ascertainable, cannot be trade secrets. Similarly, matters disclosed by a marketed product cannot be secret. However, the proprietor of the business may communicate the secret to employees involved in its use, or to others pledged to secrecy. To constitute a trade secret, it must be difficult for anyone outside the confidential relationship to acquire the information by proper means. An employee's remembered information and relationships with customers are not trade secrets.

Some factors to be considered in determining whether given information is one's trade secret are: (1) the extent to which the information is known outside of his business;

3

(2) the extent to which it is known by employees and others involved in his business; (3) the extent of measures taken by him to guard the secrecy of the information; (4) the value of the information to him and to his competitors; (5) the amount of effort or money expended by him in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*ProductiveMD, LLC v. 4UMD, LLC*, _____ F. Supp.2d _____, 2011 WL 4481123, slip op. at 4 (M.D. Tenn. 2011); *Hickory Specialties, Inc. v. B & L Laboratories, Inc.*, 592 S.W.2d 583, 586 -587 (Tenn. Ct. App. 1979); *Venture Express v. Zilly,* 973 S.W.2d 602, 606 (Tenn. Ct. App. 1998); *Eagle Vision, Inc. v. Odyssey Medical, Inc.*, 2002 WL 1925615, 4 (Tenn. Ct. App. 2002).

4

**Defendant's Proposed Special Instruction No. 3 : Misappropriation of a Trade Secret**

Plaintiff must also prove by a preponderance of the evidence that the defendant whom you are considering misappropriated the trade secret.  In this case, Plaintiff contends that the defendants misappropriated Plaintiff trade secrets to assist Plaintiff owners in breaching their timeshare contracts with Plaintiff.

In the context of this case, "Misappropriation" means:

(A) Disclosure or use of a trade secret of another without express or implied consent by a person who:

(i) Used improper means to acquire knowledge of the trade secret; or

(ii) At the time of disclosure or use, knew or had reason to know that that person's knowledge of the trade secret was:

(*a*) Derived from or through a person who had utilized improper means to acquire it;

(*b*) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

(*c*) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

(iii) Before a material change of his or her position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

Tenn. Code. Ann. § 47-25-1702(2)

5

**Defendant's Proposed Special Instruction No. 4 : Summary of the Tennessee Uniform Trade Secrets Act**

If you find that Plaintiff has proved by the preponderance of the evidence each of the elements necessary to establish Plaintiff's claim for violation of the Trade Secrets Act against one or more of the defendants, you must answer Verdict Form Question No. XX "Yes" with respect to each such defendant only.

If you find that Plaintiff has failed to prove by a preponderance of the evidence any one of the elements necessary to establish their claim of Trade Secrets Act against any particular defendant, you must answer "No" on Verdict Form Question No. XX with respect to each such defendant.

**Defendant's Proposed Special Instruction No. 5 : Damages – Proximate Cause**

The law in Tennessee sets out two requirements to determine whether an act or omission was a proximate cause of the injury or damage.

1. The conduct must have been a substantial factor in bringing about the harm being complained of; and,

2. The harm giving rise to the action could have been reasonably foreseen or anticipated by a person of ordinary intelligence and care.

To be a proximate cause of an injury there is no requirement that the cause be the only cause, the last act, or the one nearest to the injury, so long as it is a substantial factor in producing the injury or damage.

T.P.I. Civil § 3.22

**Defendant's Proposed Special Instruction No. 6 : Damage from the Misappropriation of a Trade Secret**

If you find that a defendant misappropriated a Plaintiff trade secret, you must determine whether the misappropriation was the proximate cause of damage to Plaintiff. You should refer to the instruction on page _____ for the definition of proximate cause.

If you determine that the misappropriation of a trade secret by a defendant was the proximate cause of damages to Plaintiff, you should enter the amount of any such damages on Jury Verdict Form Question XX.

**Defendant's Proposed Special Instruction No. 7 : Interference with Business Relationships – In general**

Plaintiff seeks to recover damages that Plaintiff alleges were caused by Defendants' conduct in assisting timeshare owners in the cancelling of their timeshare contracts with Plaintiff. The law does not permit a plaintiff to recover damages from a defendant who has engaged in proper competitive business practices. However, the law does prohibit a defendant from unfairly interfering with a business relationship by using improper means or by acting with the predominant purpose of injuring the plaintiff.

To recover damages under this theory, Plaintiff must prove all of the following by a preponderance of the evidence:

1. Plaintiff had a specific, existing business relationship with a third-party.

2. The Defendant whom you are considering had knowledge of that relationship – and not a mere awareness of plaintiff's business dealings with others in general;

4. The prospective and/or existing business relationship ended;

5. The Defendant whom you are considering intentionally caused the termination of the business relationship;

6. The Defendant whom you are considering acted with improper motive or improper means caused the relationship to end; and

9

7.     The actions of the Defendant whom you are considering caused damage to Plaintiff.

*Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 701 (Tenn. 2002)

**Defendant's Proposed Special Instruction No. 8 : Interference with Business Relationships – Improper Motive or Improper Means**

The law does not permit a plaintiff to recover damages from a defendant who has engaged in proper competitive business practices. A business competitor is privileged to attempt to advance its own business interests at the expense of a competitor's, so long as the means of such competition is not improper. The following is a non-exclusive list of means of interference that are considered improper:

(1)     Acts that are illegal or independently tortious, such as violations of statutes, regulations, or recognized common-law rules;

(2)     Violence, threats or intimidation;

(3)     Bribery;

(4)     Unfounded litigation;

(5)     Fraud, misrepresentation or deceit;

(6)     Defamation;

(7)     Duress;

(8)     Undue influence;

(9)     Misuse of inside or confidential information or breach of a fiduciary relationship; and

(10)    Those methods that violate an established standard of a trade or profession, or otherwise involve unethical conduct, such as sharp dealing, overreaching, or unfair competition.

*Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 701, n.2 (Tenn. 2002)

11

**Defendant's Proposed Special Instruction No. 9 : Interference with Business Relationships – Summary**

If you find that Plaintiff has proved by the preponderance of the evidence each of the elements necessary to establish Plaintiff's claim for interference with business relationships against one or more of the defendants, you must answer Verdict Form Question No. XX "Yes" with respect to each such defendant only. You must also list the names of the third-parties whose relationships were interfered with in response to Verdict Form Question XX.

If you find that Plaintiff has failed to prove by a preponderance of the evidence any one of the elements necessary to establish Plaintiff's claim for interference with business relationships with respect to any particular defendant, you must answer "No" on Verdict Form Question No. XX with respect to each such defendant.

12

**Defendant's Proposed Special Instruction No. 10 : Interference with Business Relationships – Damages**

If Plaintiff has proved the elements of interference with business relationships by a preponderance of the evidence with respect to any defendant, Plaintiff is entitled to recover damages suffered as a proximate result of the unfair competition. You should refer to the instruction on page _____ for the definition of proximate cause.

If you determine that the interference with a business relationship by a defendant was the proximate cause of damages to Plaintiff, you should enter the amount of any such damages on Jury Verdict Form Question XX.

**<u>Defendant's Proposed Special instruction No. 11 : Civil Conspiracy Generally</u>**

Plaintiff alleges that the defendants engaged in a civil conspiracy with each other to misappropriate trade secrets.

A civil conspiracy is a combination between two or more persons to accomplish, by acting together, an unlawful purpose; or to accomplish a lawful act by unlawful means. In a civil conspiracy, all conspirators are liable for all damages flowing from the conspiracy.

A civil conspiracy requires that one of the conspirators has engaged in an underlying, or prerequisite tort.  In this case, Plaintiff contends that the underlying or prerequisite tort is misappropriation of trade secrets.  If you have found in favor of all defendants on the claim for violation of the Tennessee Uniform Trade Secrets Act, then the defendants cannot be held liable for civil conspiracy and you should proceed to page _____ of these instructions.

If you have found that any of the defendants violated the Tennessee Uniform Trade Secrets Act, you should proceed to the next page.

*Morgan v. Brush Wellman, Inc.,* 165 F.Supp.2d 704, 721 (E.D. Tenn. 2001); *Foster Business Park, LLC v. Winfree*, 2009 WL 113242,  slip op. at 16  (Tenn. Ct. App. 2009)

14

**Defendant's Proposed Special instruction No. 12 : Civil Conspiracy – Elements**

To recover under a theory of civil conspiracy, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Two or more individuals agreed to do something that the law forbids or to accomplish a lawful act by unlawful means;

2. That the Defendant Headwaters, Inc. joined in that agreement with the intent to advance the purpose of the conspiracy;

3. One or more of the individual conspirators did, or caused to be done, an act in furtherance of the object of the conspiracy; and

4. Plaintiff suffered some injury as a result of the conspiracy.

*Braswell v. Carothers,* 863 S.W.2d 722, 727 (Tenn.Ct.App.1993);*Foster Business Park, LLC v. Winfree*, 2009 WL 113242,  slip op. at 16  (Tenn. Ct. App. 2009)

**<u>Defendant's Proposed Special instruction No. 13 : Civil Conspiracy – Agreement</u>**

The first element that Plaintiff has to prove to establish a civil conspiracy among the defendants is that one or more of the defendants agreed with at least one of the other defendants to misappropriate trade secrets from Plaintiff. An agreement need not be formal; the understanding may be a tacit one.

*Braswell v. Carothers,* 863 S.W.2d 722, 727 (Tenn.Ct.App.1993);*Foster Business Park, LLC v. Winfree*, 2009 WL 113242, slip op. at 16 (Tenn. Ct. App. 2009)

**Defendant's Proposed Special instruction No. 14 : Civil Conspiracy – Elements 2 and 3**

With respect to the second and third elements – (1) that the defendant joined the conspiracy with the intent to advance the purpose of the conspiracy and (2) that the defendant participated in the conspiracy – you are further instructed as follows. A defendant joins a conspiracy if that defendant participates in the conspiracy with knowledge of, and the intent to further, its unlawful purpose. Again, it is not necessary that the defendant be fully informed of all the details of the conspiracy, or all of its participants. A defendant need not know more than one member of the conspiracy, or more than one of its purposes. A defendant may join the conspiracy at any time in its duration.

Mere association by a defendant with a conspirator does not make the defendant a member of the conspiracy even if the defendant knows of the illegal conduct. In other words, knowledge of the illegal act alone is not enough; the defendant must intentionally participate in the conspiracy with the purpose of either helping to achieve its unlawful objects or participating in the unlawful means by which a lawful object was achieved. Defendant's acts must be undertaken consciously and deliberately and not because of mistake or accident.

17

**Defendant's Proposed Special instruction No. 15 : Civil Conspiracy - Fourth Element**

In order to establish the fourth element, Plaintiff must establish by a preponderance of the evidence that Plaintiff suffered an injury as a result of the conspiracy – that is, that the conspiracy proximately caused economic harm or detriment to Plaintiff. You should refer to the definition of proximate cause on page XX of these instructions.

Before you can award damages to Plaintiff, you must determine whether any damages claimed were proximately caused by the conspiracy. If damages were not proximately caused as that term has been defined in these instructions, then as to that you must answer Question XX "zero."

18

**Defendant's Proposed Special Instruction No. 16 : Summary of Civil Conspiracy**

If you find that Plaintiff has proved by the preponderance of the evidence each of the elements necessary to establish Plaintiff' claim of civil conspiracy against one or more of the defendants, you must answer Verdict Form Question No. XX "Yes" with respect to each such defendant only.

If you find that Plaintiff has failed to prove by a preponderance of the evidence any one of the elements necessary to establish their claim of civil conspiracy against any particular defendant, you must answer "No" on Verdict Form Question No. XX with respect to each such defendant only.

**Defendant's Proposed Special Instruction No. 17 : Breach of Salesperson Agreements – In general**

Plaintiff claims that Defendants Mr. Austin and Mr. McDowell breached their respective Salesperson Agreements with Plaintiff by misappropriating the following trade secrets that they obtained by virtue of their employment with Plaintiff:

(a) _____;

(b) _____;

(c) _____;

Mr. Austin and Mr. McDowell do not contest that they signed the Salesperson Agreements.  Mr. Austin and Mr. McDowell contend that they did not misappropriate any trade secrets.  You must determine whether Mr. Austin and/or Mr. McDowell breached the salesperson agreements by misappropriating trade secrets.

**Defendant's Proposed Special Instruction No. 18 : Defendant's Proposed Special Instruction No. 18 : Breach of Salesperson Agreement – Material Breach**

In order for a part to recover damages for breach of contract, the breach of contract must be a material breach. A minor and insubstantial failure of a party to meet the terms of a contract does not entitle the other party to reject the contract and not be responsible under it. A party who commits the first substantial breach of a contract cannot enforce the contract against the other party, even if the other party later fails to abide by the terms of the contract.

**Defendant's Proposed Special Instruction No. 19 : Breach of Salesperson Agreements – Summary**

In order for Plaintiff to recover damages for breach of the Salesperson Agreements, Plaintiff must prove all of the following elements by a preponderance of the evidence:

(1)     One or more of the following are trade secrets possessed by Plaintiff:

(a) _____;

(b) _____;

(c) _____;

(In order to make this finding, you must refer to and apply the instructions  regarding  the definition of "trade secrets" on pp. _____ of these instructions);

(2)     The Defendant whom you are considering learned of the trade secret as a consequence of being employed by Plaintiff;

(3)     The Defendant whom you are considering breached the Sales Person Agreement by misappropriating the trade secret after         leaving         Plaintiff's employment

(in order to make this finding, you must refer to and apply the instructions  regarding  the misappropriation of trade secrets on pp. _____ of these         instructions); and

(4)     Wyndham has suffered damages as a proximate result of the misappropriation of a trade secret by the defendant whom you are considering.

22

If you find that Plaintiff has proved by the preponderance of the evidence each of the elements necessary to establish Plaintiff's claim for breach of the salesperson agreements against one or more of the defendants, you must answer Verdict Form Question No. XX "Yes" with respect to each such defendant only.

If you find that Plaintiff has failed to prove by a preponderance of the evidence any one of the elements necessary to establish Plaintiff's claim for breach of the salesperson agreements any particular defendant, you must answer "No" on Verdict Form Question No. XX with respect to each such defendant.

*ARC Lifemed, Inc. v. AMC–Tennessee, Inc.,* 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005)(elements of breach of contract claim in general)

**Defendant's Proposed Special Instruction No. 20 : Unfair Competition**

The elements of a claim of unfair competition are as follows: (1) the defendant engaged in conduct that amounts to a recognized tort and (2) that tort deprives the plaintiff of customers or other prospects. These two elements are discussed in the following instructions.

In order to recover damages for unfair competition, Plaintiff must prove both of these elements by a preponderance of the evidence.

*B & L Corp. v. Thomas & Thorngren, Inc.,* 162 S.W.3d 189, 216 (Tenn. Ct. App. 2004).

**Defendant's Proposed Special instruction No. 21 : Unfair Competition – Recognized Tort**

In order to determine whether the defendants should be held liable for unfair competition, you must first determine whether the Defendants engaged in conduct that amounts to a recognized tort.

In this case, Plaintiff claims that the defendants engaged in conduct that amounts to the tort of _____. The elements of _____ are as follows:

(1)

(2)

*B & L Corp. v. Thomas & Thorngren, Inc.,* 162 S.W.3d 189, 216 (Tenn. Ct. App. 2004).

**Defendant's Proposed Special instruction No. 22 : Unfair Competition – Deprivation of Customers or Other Prospects**

If you find that Plaintiff has proved that one or more of the defendants has engaged in conduct that amounts to a recognized tort, you must now determine whether such conduct was the proximate cause of depriving Plaintiff of Customers or Other Prospects.

*B & L Corp. v. Thomas & Thorngren, Inc.,* 162 S.W.3d 189, 216 (Tenn. Ct. App. 2004).

**Defendant's Proposed Special instruction No. 23 : Summary of Unfair Competition**

If you find that Plaintiff has proved by the preponderance of the evidence each of the elements necessary to establish Plaintiff' claim of unfair competition against one or more of the defendants, you must answer Verdict Form Question No. XX "Yes" with respect to each such defendant only.

If you find that Plaintiff has failed to prove by a preponderance of the evidence any one of the elements necessary to establish their claim of unfair competition against any particular defendant, you must answer "No" on Verdict Form Question No. XX with respect to each such defendant only.

Case 3:10-cv-01028    Document 123    Filed 12/14/11    Page 27 of 37 PageID #: 1021

**Defendant's Proposed Special instruction No. 24 : Unfair Competition – Damages**

If Plaintiff has proved the elements of unfair competition by a preponderance of the evidence with respect to any defendant, Plaintiff is entitled to recover damages suffered as a proximate result of the unfair competition.  You should refer to the instruction on page _____ for the definition of proximate cause.

If you determine that the unfair comeptition by a defendant was the proximate cause of damages to Plaintiff, you should enter the amount of any such damages on Jury Verdict Form Question XX.

**Defendant's Proposed Special Instruction No. 25 : Procurement of Breach of Contract – In General**

Plaintiff contends that the Defendants induced timeshare owners to breach their timeshare contracts with Plaintiff. Plaintiff is entitled to recover for procurement of breach of contract if Plaintiff establishes all of the following:

1. There was a valid contract between Plaintiff and a third-party;

2. The Defendant whom you are considering had knowledge of the existence of the contract;

3. The Defendant whom you are considering intended to bring about or cause the breach of the contract;

4. The Defendant whom you are considering acted maliciously;

5. The contract was, in fact, breached;

6. The actions of the Defendant whom you are considering were the proximate cause of the breach; and

7. Plaintiff suffered damages as a result of the breach.

*Buddy Lee Attractions, Inc. v. William Morris Agency, Inc.*, 13 S.W.3d 343, 359 (Tenn. Ct. App. 1999)

**Defendant's Proposed Special Instruction No. 26 : Procurement of Breach of Contract – Malice**

In order to recover for procurement of breach of contract, Plaintiff must establish that the defendant acted with malice.  Malice in this context does not mean hatred, ill-will, or spite.  Malice in the context of interference with contract means the willful violation of a known right.

*Prime Company v. Wilkinson & Snowden, Inc.,* 2004 WL 2218574 (Tenn.Ct.App.2004),

**Defendant's Proposed Special instruction No. 27 : Procurement of Breach of Contract – Summary**

If you find that Plaintiff has proved by the preponderance of the evidence each of the elements necessary to establish Plaintiff's claim for procurement of breach of contract against one or more of the defendants, you must answer Verdict Form Question No. XX "Yes" with respect to each such defendant only. You must also list the names of the third-parties breached their contracts with Plaintiff as a result of the particular defendant's actions in response to Verdict Form Question XX.

If you find that Plaintiff has failed to prove by a preponderance of the evidence any one of the elements necessary to establish Plaintiff's claim for procurement of breach of contract with respect to any particular defendant, you must answer "No" on Verdict Form Question No. XX with respect to each such defendant.

31

**Defendant's Proposed Special instruction No. 28 : Procurement of breach of Contract – Damages**

If Plaintiff has proved the elements of interference with business relationship by a preponderance of the evidence with respect to any defendant, Plaintiff is entitled to recover damages suffered as a proximate result of the unfair competition. You should refer to the instruction on page _____ for the definition of proximate cause.

If you determine that the interference with a business relationship by a defendant was the proximate cause of damages to Plaintiff, you should enter the amount of any such damages on Jury Verdict Form Question XX.

**Defendant's Proposed Special instruction No. 29 : Consumer Protection**

Plaintiff alleges that each of the defendants violated the Tennessee Consumer Protection Act. The Tennessee Consumer Protection Act allows a person to recover actual damages for a loss of money, property or thing of value as a result of another person's use of an unfair or deceptive act. Under the Tennessee Consumer Protection Act, a corporation is considered a person.

To recover damages from any of the defendants, Plaintiff must prove by a preponderance of the evidence:

(1) that the defendant whom you are considering's act or practice was unfair or deceptive; and

(2) that Plaintiff suffered a loss of money, property or thing of value as a result of the that defendant's unfair or deceptive act.

You, the jury, may determine whether each defendant's conduct is deceptive of unfair. A deceptive act or practice is one that tends to deceive, that causes a person to believe what is false, or that misleads or tends to mislead a consumer as to a matter of fact. Deceptive acts or practices may consist of statements, silence, or actions.

On the other hand, unfair conduct is even broader. It is conduct that causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and is not outweighed by benefits to consumers or competition.

If you find that Plaintiff has proven by the preponderance of the evidence that any defendant: (1) engaged in an unfair or deceptive act or practice; and (2) that such act or

33

practice caused Plaintiff to lose money, property, or a thing of value, then you must Verdict Form Question No. XX "Yes," but only for the particular defendant that you are considering.  You should then proceed to the next page and follow the instructions for that particular defendant.

If you find that Plaintiff has not proved by the preponderance of the evidence either that a particular defendant (1) engaged in an unfair or deceptive practice; or (2) that such action caused Plaintiff to lose money, property, or a thing of value, then you must Verdict Form Question No. XX "No," for each such defendant.


T.P.I. - Civil 11.45; Tenn. Code Ann. § 47-18-101 *et seq*; *Tucker v. Sierra Builders*, 180 S.W.3d 109 (Tenn. Ct. App. 2005).

**Defendant's Proposed Special Instruction No. 30 : Consumer Protection – Damages**

You must now determine the amount of damages to Plaintiff that you find were proximately caused by an unfair or deceptive act by any defendant that you have found liable under the Tennessee Consumer Protection Act.  You should refer to the instruction on page _____ for the definition of proximate cause.

You should enter the amount of any such damages on Jury Verdict Form Question XX.

Respectfully Submitted,


/s/ *Lindsay Hyde*
Lindsay Hyde, Esq.
McKellarHyde, PLC
411 Broadway, Suite 302
Nashville, TN  37203
(615)866-9674
lhyde@mckellarhyde.com

*Counsel for Defendant Charles McDowell*


/s/ *Greg Oakley*_____
Gregory H. Oakley, BPR 016237
**DHPM, P.C.**
1720 West End Avenue, Suite 300
Nashville, TN  37203
(615) 425-7111
(615)425-7110 facsimile
goakley@dhpmlaw.com

*Attorney for Timeshare Advocacy International and Sean K. Austin*

36

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties not so indicated on the electronic filing receipt will be served by undersigned counsel by first class mail, postage prepaid. Parties may access this filing through the Court's electronic filing system. Counsel in this case who will be sent notice by the court as indicated by the electronic filing receipt or who will be served by undersigned counsel are:

Courtney Gilmer, Esq.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201


_____/s/ Greg Oakley_____
Gregory H. Oakley