IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| WYNDHAM VACATION RESORTS, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:10-cv-1028 ) |
| TIMESHARE ADVOCACY INTERNATIONAL, LLC, SEAN K. AUSTIN and CHARLES MCDOWELL, | ) Judge Haynes ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF WYNDHAM VACATION RESORTS, INC.'S
OPPOSITION TO DEFENDANTS TIMESHARE ADVOCACY INTERNATIONAL, LLC
AND SEAN K. AUSTIN'S MOTION FOR ATTORNEYS' FEES AND EXPENSES**

Plaintiff Wyndham Vacation Resorts, Inc. ("Plaintiff" or "Wyndham"), submits this Opposition to the Motion for Attorneys' Fees and Expenses [Docket Entry No. 176] (the "Motion") filed by Defendants Timeshare Advocacy International, LLC ("TAI") and Sean K. Austin ("Austin")(collectively, the "Defendants") as follows:

**I.      INTRODUCTION**

Defendants are not entitled to an award of any attorneys' fees or expenses on two distinct grounds: (1) Defendants have not established the necessary elements for an award under the relevant statutes and (2) Defendants' fees are not reasonable.

With regard to the lack of a statutory basis that would justify an award of fees, the Motion glosses over large portions of the procedural history of this case in an effort to distract from the claims actually asserted and proof put into evidence. At the same time, the Motion presents a subjective view of the testimony presented at trial. The entirety of the Motion is an

undisguised effort to obtain a windfall by lumping all of Plaintiff's claims into a single claim under the Tennessee Uniform Trade Secrets Act - despite the fact that the Court specifically ruled on preemption at the trial of this matter and found that it was not applicable to Plaintiff's claims.

Further, the Motion seeks unreasonable fees. The bills submitted by Defendants are full of vague, duplicative and unnecessary time entries. Defendants took a single deposition and served a single set of written discovery and the counsel responsible for those matters - Defendants' original counsel, Bill Jakes - sought fees of $6,100.00. The remainder of the fees incurred and now sought by subsequent counsel are more than ten times that amount.

Defendants' Motion is without merit and should be denied.

## II. BACKGROUND

Wyndham filed its Complaint on November 1, 2010. [Docket Entry No. 1]. The Complaint asserted claims for violation of the Tennessee Uniform Trade Secrets Act ("TUTSA"), unauthorized practice of law, intentional interference with business relations/unfair competition, civil conspiracy, breach of contract, procurement of breach of contract, violation of the Tennessee Consumer Protection Act ("TCPA"), and unjust enrichment (together, the "Claims"). Defendants filed their Answer to the Complaint on November 29, 2010. [Docket Entry No. 22]. Per the Court's Order of September 30, 2011, discovery in this case was to be completed on November 15, 2011. [Docket Entry No. 72].

On November 14, 2011, long after the deadline for amending pleadings had passed, Defendants filed a motion seeking leave of the Court to amend their Answer to the Complaint to add certain affirmative defenses and to assert 2 counterclaims against Wyndham (the "Motion to Amend"). [Docket Entry No. 81]. The Court denied the Motion to Amend as not timely. Then,

after the trial was continued due to a death in the family of Plaintiff's counsel, Defendants tried to take advantage of that fact and filed a motion to extend the deadline for filing dispositive motions ("Motion to Extend"). [Docket Entry Nos. 132, 133]. The Motion to Extend was denied as not timely. [Docket Entry No. 134].

The trial in this matter commenced on July 17, 2012. With the exception of the claim for procurement of breach of contract, all of Plaintiff's claims were submitted to the jury and the jury received separate instructions for each of the 7 claims - Tennessee Uniform Trade Secrets Act ("TUTSA"), unauthorized practice of law, intentional interference with business relations/unfair competition, civil conspiracy, breach of contract, violation of the Tennessee Consumer Protection Act ("TCPA"), and unjust enrichment. [Docket Entry No. 164].

### III. LAW AND ARGUMENT

Defendants cannot recover attorneys' fees and costs under Tenn. Code Ann. § 47-25-1705(1) or § 47-18-109(e)(2).

#### A. Relevant Statutory Language

The relevant statutes relied upon by Defendants provide as follows:

§ 47-25-1705(1): If a claim of misappropriation is made in bad faith the court may award reasonable attorney's fees to the prevailing party.

§ 47-18-109(e)(2): In any private action commenced under this section, upon finding that the action is frivolous, without legal or factual merit, or brought for the purpose of harassment, the court may require the person instituting the action to indemnify the defendant for any damages incurred, including reasonable attorneys' fees and costs.

### B. The Court Ruled on Defendants' Preemption Defense

Defendants' Motion seeks recovery of **all** of the fees incurred for defending against **all** of the claims asserted by Plaintiff. While no explanation is provided in the Motion, Plaintiff assumes that this improper consolidation is based on Defendants' previously-raised argument that all of Plaintiff's claims should be consolidated into a single claim under TUTSA based on an argument of preemption. The issue of preemption was decided, however, by the Court at trial and cannot be used to award Defendants' all of their fees.

When ruling on the Defendants' assertion of preemption, the Court noted at trial, "under federal law preemption is an affirmative defense." [Exhibit A, Trial Transcript, p. 61, lines 5-7, citing *Brown v. Earthboard Sports USA, Inc.*, 481 F.3d 901, 912 (6th Cir. 2008)]. The Court went on to add that with regard to the Defendants' preemption argument, it had been addressed on its merits and Defendants had been "given the benefit of the affirmative defense…" [Exhibit A, Trial Transcript, p. 68, lines 8-10]. The Court went on to specifically find that the additional claims asserted by Plaintiff were not preempted under the holding of *Productive MD LLC v. 4UMD LLC*, 821 F. Supp. 2d 955, 967 (M.D. Tenn. 2001) because Defendants themselves had argued that the information at issue was not a trade secret and that the use of such information could be used to support a claim of intentional interference with business. [Exhibit A, Trial Transcript, p. 63, lines 1-10]. The Court held that the "claims of civil conspiracy, intentional interference with business and breach of contract would be available." [Exhibit A, Trial Transcript, p. 63, lines 13-16].

The Court specifically found that Plaintiff asserted a variety of claims and seven claims were submitted to the jury. There is no basis in either the Motion or case law to support a

N CHG 923651 v4
2903712-000014  08/30/2012
Case 3:10-cv-01028    Document 190    Filed 08/30/12    Page 4 of 16 PageID #: 2222

conclusion that under TUTSA Defendants would be entitled to all fees related to the defense of all of Plaintiff's claims.

### C. There Can Be No Finding of Bad Faith Under TUTSA

Even if Defendants had sought fees only related to TUTSA, such a request specifically requires a finding of bad faith. Tenn. Code Ann. § 47-25-1705(1). In other words, attorneys' fees will be not be shifted where, as was the case here, a plaintiff can show that trade secrets or confidential information are at issue. Despite Defendants' argument to the contrary, a party bringing a trade secrets action does not automatically get assessed the other party's attorneys' fees if the party does not prevail, but only when the party does not prevail <u>and</u> a claim of misappropriation is made in bad faith. Based upon the uncontradicted evidence, it is clear that Plaintiff's claim under TUTSA was not asserted in bad faith.

Under the Tennessee Uniform Trade Secrets Act, "trade secret" means:

> information, without regard to form, including, but not limited to, technical, nontechnical or financial data, a formula, pattern, compilation, program, device, method, technique, process, or plan that:
>
> (A) Derives independent economic value, actual or potential, from not being generally known to, and not being readily accessible by proper means by other persons who can obtain economic value from its disclosure or use; and
>
> (B) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Tenn. Code Ann. § 47-25-1702(4).

Generally, a trade secret is "any formula, process, pattern, device or compilation of information that is used in one's business and which gives him an opportunity to obtain an advantage over competitors who do not use it." *Wright Medical Technology, Inc. v. Grisoni*, 135 S.W.3d 561, 588 (Tenn. Ct. App. 2001) (citing *Hickory Specialties, Inc. v. B & L Laboratories,*

N CHG 923651 v4
2903712-000014 08/30/2012

*Inc.*, 592 S.W.2d 583, 586 (Tenn. Ct. App. 1979). Several factors to consider in determining whether a piece of information constitutes a trade secret are: (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the business to guard the secrecy of the information; (4) the value of the information to the business and to its competitors; (5) the amount of money or effort expended by the business in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *Grisoni*, 135 S.W.3d at 580 (citing *Venture Express, Inc. v. Zilly*, 973 S.W.2d 602, 606 (Tenn. Ct. App. 1998)).

Confidential information is closely analogous to a trade secret and warrants similar protection. *Grisoni*, 135 S.W.3d at 588 (citing *Vantage Technology, LLC, v. Cross*, 17 S.W.3d 637, 645 (Tenn. Ct. App. 1999). The Court in *Grisoni* clearly stated "information which was acquired by the defendant through the confidential relationship may be protected even if the information potentially could have been obtained through independent research." *Grisoni*, 135 S.W.3d at 589.

Here, Wyndham presented evidence at trial on each of the elements of TUTSA. Specifically, Wayne Baker testified as follows:

- He was familiar with the training received by Defendants Sean Austin and Charles McDowell in their job as salespeople for Plaintiff. [*See* Exhibit B, Trial Transcript, p. 11, lines 21-25];

- Sean Austin and Charles McDowell received training regarding the the sales methods and the product that Wyndham is selling. [Exhibit B, Trial Transcript, p. 12, lines 4-9];

- The product sold by Wyndham is different that the product sold by other timeshare companies. [Exhibit B, Trial Transcript, p. 18, lines 4-6];

- Wyndham considers its sales methods, techniques, programs and other training materials to be confidential proprietary information. [Exhibit B, Trial Transcript, p. 19-20, lines 25-3];

- The sales methods, techniques, programs and other training materials is information not available to the general public. [Exhibit B, Trial Transcript, p. 20, lines 4-6];

- Wyndham takes steps to ensure that the information regarding sales methods, techniques, programs and other training materials remains confidential. [Exhibit B, Trial Transcript, p. 20, lines 7-9].

Defendants essentially ask the Court to adopt a standard that equates "bad faith" with a jury's conclusion that Plaintiff did not carry its burden of proof. This radical position does not accord with either the statutory language or the majority of courts interpreting the attorney fees provision of the Uniform Trade Secrets Act in other states, which require something more than an objectively frivolous claim. These courts generally require proof of subjective misconduct. *See e.g. Fas Techs, LTD. v. Dainippon Screen Mfg., Co,* 2001 U.S. Dist. LEXIS 15444, 2001 WL 1159776, at *2 (N.D. Cal. Sep. 21, 2001)("[C]ourts have universally interpreted [bad faith under the Uniform Trade Secrets Act] to require a finding (1) that plaintiff's claims were objectively specious or frivolous, and (2) that there is evidence of subjective misconduct."); *Computer Econ., Inc. v. Gartner Group, Inc.,* 1999 U.S. Dist. LEXIS 22204, 1999 WL 33178020, at *5 (S.D. Cal. Dec. 14, 1999) (requiring objective proof of frivolousness and subjective misconduct); *Contract Materials Processing, Inc. v. Kataleuna GMBH Catalysts,* 222

7

F. Supp. 2d 733, 744 (D. Md. 2002) (same); *Russo v. Baxter Healthcare Corp.,* 51 F. Supp. 2d 70, 76-77 (D.R.I. 1999) (requiring proof of subjective bad faith).

While the jury concluded, based on its verdict, that Wyndham had not met its burden of proof under TUTSA, that conclusion does not equate with or support a finding that Wyndham brought its claims in bad faith. Defendants have not presented any independent, subjective evidence of bad faith and rely on the jury verdict in support of their claim for fees under TUTSA. This is insufficient and the Motion should be denied.

### D. The Case Relied Upon by Defendants is Distinguishable

Defendants cite no case law analogous to the instant situation, and in fact, cite only one case in support of their contention that the Plaintiff's claim under TUTSA was pursued in bad faith. [*See generally* Docket Entry No. 176]. The one case cited is easily distinguishable. In the case cited by Defendants, the plaintiff's only claims against its former employee were for breach of a confidentiality agreement and for violation of the Michigan Uniform Trade Secrets Act, the plaintiff voluntarily dismissed its action at the dispositive motion stage, and the representatives of the plaintiff actually disclaimed certain allegations in the Complaint. *See generally*, *Degussa Admixtures, Inc. v. Burnett*, 277 Fed. Appx. 530 (6th Cir. 2008).

In the instant case, the Plaintiff pursued multiple claims unrelated to and in addition to its claim under TUTSA, submitted those claims to the jury, and maintained the allegations in the Complaint throughout the proceedings. As a result, the case relied upon by Defendants is not persuasive.

### E. Plaintiff Asserted a Valid Claim Under the TCPA

Defendants' claim for attorneys' fees under the TCPA should also be denied because Plaintiff's claim was not frivolous, without legal or factual merit, nor brought for the purpose of harassment. To recover under the TCPA, Plaintiff must show: "(1) that the defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA; and (2) that the defendant's conduct caused an 'ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value." *Tucker v. Sierra Builders*, 180 S.W.3d 109, 115-16 (Tenn. Ct. App.) (citations omitted).

The TCPA permits any "person" who suffers from an unfair or deceptive act to recover its ascertainable loss. The plain language of the statute defines "person" very broadly, and includes a corporation. *See also Bridgeport Music, Inc. v. 11CMusic,* 154 F. Supp. 2d 1330, 1333-34 (M.D. Tenn. 2001) ("[P]erson is defined to include inter alia, corporations and any other legal or commercial entity however organized . . . . [C]orporations (and other entities included within the Act's definition of person) have standing to bring a private cause of action for treble damages under the [TCPA]" (internal quotes and citations omitted)); *Olin Corp. v. Lambda Electronics*, 39 F. Supp. 2d 912, 914 (E.D. Tenn. 1998) ("There is no authority that a consumer transaction is a *sine qua non* of TCPA applicability.").

Here, whether the standard is described as "without merit," "without legal basis," or "utterly lacking in an adequate factual predicate," it is clear that, under these statutory provisions, to be entitled to attorneys' fees the Defendants must do more than merely allege that Plaintiffs' claims were ultimately unsuccessful, or show that they did not emerge from discovery with sufficient support to defeat a motion for summary judgment. Rather, some additional indicia of frivolity or bad faith must be shown. *See e.g. Shaw v. Merritt-Chapman & Scott Corp.,* 554 F.2d

9

786, 788 (6th Cir. 1977); *Glanton v. Bob Parks Realty*, 2005 WL 1021559, at *10 (Tenn. Ct. App. Apr. 27, 2005).

Like the TUTSA claim, Defendants have failed to make the required showing of bad faith in Plaintiff's pursuit of the TCPA claim. Indeed, Defendants are unable to point to any "costly and burdensome" tactics used by the Plaintiff or any unfair conduct at all. Rather, this is a case in which the Plaintiff, knowing it was being repeatedly damaged by unfair conduct, attempted to identify who was responsible and reasonably pointed to the individuals who were former employees of Plaintiff and running the company that was responsible for the loss. The fact that, ultimately, the jury found those individuals not to be liable does not entitle Defendants to attorneys' fees under the TCPA.

Moreover, whether or not to award fees is discretionary with the Court. *Glanton,* 2005 WL 1021559, at *9; *see also Jordan v. Clifford*, 2010 WL 2075871 at *6 (Tenn. Ct. App. May 25, 2010) ("As the language of the statute makes clear, even where this prerequisite [of frivolousness, lack of merit, etc.] is met, whether or not to award fees is discretionary with the court."). As the Tennessee Court of Appeals has found:

> [T]he provision for attorney fees found in Tenn. Code Ann. § 47-18-109(e)(2) is designed to discourage consumers from using the Act to file frivolous or baseless claims. **It is not intended to punish plaintiffs who can demonstrate wrongful acts on the part of defendants, but who are unable to prevail on their claims for other reasons.** Too strict an application of this subsection would result in a "winner take all" situation, regardless of the circumstances, that would undermine the purpose of protecting the consumer. **We therefore do not interpret the statutory term "without legal or factual merit" to mean without sufficient merit to prevail**, but rather as so utterly lacking in an adequate factual predicate or legal ground as to make the filing of such a claim highly unlikely to succeed.

*Glanton*, 2005 WL 1021559 at *16 (emphasis added).

As set forth above, there was sufficient factual and legal predicate for the TCPA claim. Thus, Defendants cannot recover fees and expenses under that statute. However, even if the Court finds that the factual and legal predicate is lacking, the Court should not exercise its discretion to award fees to Defendants.

### F. Defendants' Fees Are Not Reasonable and Not Properly Supported

#### i. *The Fees Requested Are Not Reasonable*

The provisions governing the award of attorneys' fees under TUTSA and TCPA are not without qualification; the fees requested must be reasonable. Tenn. Code Ann. §§ 47-25-1705(1), 47-18-109(e)(2). Without waiving its objections set out above to the entirety of Defendants' request for fees, Plaintiff has identified multiple fees and billing practices that demonstrate the unreasonableness of Defendants' request.

Defendants' prior and current counsel used block-billing and as a result it is impossible to properly allocate Defendants' fees among Plaintiff's various claims. *See e.g. The Fair Housing Council of Greater Washington v. Landow*, 999 F.2d 92 (4th Cir. 1993) (noting that fee applicants should make every effort to submit records which specifically allocate the time spent on each individual claim). As set out above, because the doctrine of preemption under TUTSA is not applicable to this matter, Plaintiff's claims and the fees associated with those claims must be assessed separately. Defendants are not entitled under *any* scenario to obtain fees related to Plaintiff's claims for intentional interference with business relations/unfair competition, civil conspiracy, breach of contract for breach of the Salesperson Agreements, and unjust enrichment. Defendants' request encompasses their fees related to **all** claims with a purported "discount" only for fees associated with Plaintiff's breach of contract claim on which it received partial summary judgment. As a result, Defendants' request is not reasonable and should be denied.

11

In reviewing fee applications, hours "reasonably" spent are determined by subtracting duplicative, unproductive, excessive, or unnecessary hours from the hours actually spent. *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir. 1984). A review of the billing records submitted by Defendants makes it clear that a portion of the fees incurred related to preparing untimely motions such as the Motion to Amend. [See Document 183-1, p. 4, time entries for 11/15/2011 and 11/21/2011 seeking a total of $1,200 in fees for Motion to Amend]. This is but one example of unproductive hours for which Defendants seek fees.

Defendants have not submitted sufficient detail to enable a determination by the Court of whether the hours were reasonably expended. The lack of detail prevents any analysis by the Court regarding the reasonableness of the billing overall and the vague block-billing utilized by Defendants hinders the Court's ability to evaluate the reasonableness of the time dedicated to specific tasks included in each entry. "'[W]here billing records 'lump[]' together time entries under one total so that it [is] impossible to determine the amount of time spent on each task,' [the Court] may reduce attorneys' fees." *See Corbis Corp. v. Nick Starr,* No. 3:07CV 2010, U.S. Dist. LEXIS 143768 at *21 (N.D. Ohio Sept. 3, 2010) (quoting *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 535 (6th Cir. 2008)) (evaluating fees under the Copyright Act which also requires fess to be "reasonable"); *Gratz v. Bollinger*, 353 F. Supp. 2d 929, 939 (E.D. Mich. 2005) (reducing time entries that were imprecise, incomplete, or block billed as they prevented a determination on reasonableness).

While there are many examples of this practice of block billing, it can be readily seen where Mr. Oakley billed in excess of eight hours three days in a row without apportioning his time among tasks. [Docket Entry No. 183-1, p. 4, Entries seeking a total of $7,200.00]. Similarly, Mr. Smith conducted legal research for four days in a row without identifying topics

and apportioning time among topics, or distinguishing research time from other tasks included in these time entries. [Id. at pp. 10-11], Entries seeking a total of $3,885].

Mr. Oakley provides no explanation regarding his methodology for deducting fees. For example, Mr. Oakley deducted only ten percent of the $2,250.00 in fees arising from the deposition of William Howell on which Wyndham's successful motion for summary judgment was based. There is no basis for including any of the fees related to Mr. Howell's deposition because it was focused on the breach of contract claim and never used after the summary judgment proceedings, including not used at trial. [Docket Entry No. 183-1, p. 1].

Defendants deducted some fees for motions that were denied or fees that apparently were billed to the wrong case, but it is evident that all such instances were not addressed. [See Docket Entry No. 178-1, p. 1 (seeking fees for an irrelevant letter from a church for Rule 26 disclosures); Docket Entry No. 183-1, p. 5 (charging time for Defendants' request to change pretrial conference which was denied)].

In addition to this lack of detail, many time entries that do reflect one "task" are not sufficiently described. Again, while there are multiple instances where these vague one "task" entries appear, Plaintiff would point to Mr. Oakley's four entries totaling in excess of twenty-three hours (over $6,900 in fees) that merely state "trial prep." [Id. at p. 11]. There are many entries that reveal a duplication of billing or efforts. Most obvious are Ms. Harrison's entries for July 9, 10, 11, and 13 which appear on each date twice and are identical in description and amount of time billed. [Id. at pp. 10-11, Entries seeking fees for $1,237.50]. Additionally, Mr. Oakley billed to draft discovery that was previously drafted by Mr. Jakes. [See id. at p. 2; Docket Entry No. 178-2 p. 3, Entries seeking fees of $630.00]. Finally, Defendants billed for

three people to be present on all three days of the trial. [Docket Entry No. 183-1 at p. 12, Entries seeking fees of $17,903.00].

The fees sought in the Motion are excessive and unreasonable. The Motion should be denied.

### ii. *Certain Fees Are Not Adequately Supported*

Defendants failed to submit any third party opinion on the reasonableness of the rate of both attorneys that served as former counsel for Defendants, David Burns and Bill Jakes. The fees for these two attorneys total $3,275.00 and $6,100.00 respectively. "[T]he burden is on the fee applicant to produce satisfactory evidence – *in addition to the attorney's own affidavits* – that the request rates are in line with those prevailing in the community. Evidence may include affidavits of other attorneys, case precedents, and fee studies." *Anglo-Danish Fibre Indus. Ltd. v. Columbian Rope Co.*, 2003 WL 223082 at *2 (W.D. Tenn. 2003) (citations and quotes omitted) (emphasis added).

Because there is no evidence before the Court that the rates of Burns and Jakes are reasonable, the request for those fees should be denied in their entirety.

## IV. CONCLUSION

For all the reasons stated herein, Plaintiff respectfully requests that Defendants' Motion be denied.

DATED this 30th day of August, 2012.

                                                Respectfully submitted,

                                                /s/ *Courtney H. Gilmer*
Courtney H. Gilmer (#022131)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201
(615) 726-5747 (telephone)
(615) 744-5747 (fax)
cgilmer@bakerdonelson.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

       I hereby certify that on August 30, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties not so indicated on the electronic filing receipt will be served by undersigned counsel by first class mail, postage prepaid. Parties may access this filing through the Court's electronic filing system. Counsel in this case who will be sent notice by the court as indicated by the electronic filing receipt or who will be served by undersigned counsel are:

> Greg Oakley
> 1720 West End Avenue, Suite 300
> Nashville, Tennessee 37203
>
> Lyndsay Smith Hyde
> 411 Broadway, Suite 302
> Nashville, Tennessee 37203
>
> *Attorneys for Defendants*

                                         /s/ *Courtney H. Gilmer*