IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| WYNDHAM VACATION RESORTS, INC., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 3:10-cv-1028 |
| TIMESHARE ADVOCACY ) INTERNATIONAL, LLC, ) SEAN K. AUSTIN and ) CHARLES MCDOWELL, ) ) | Judge Haynes |
| Defendants. ) | |

**PLAINTIFF WYNDHAM VACATION RESORTS, INC.'S
OPPOSITION TO DEFENDANT CHARLES MCDOWELL'S
MOTION FOR ATTORNEYS' FEES AND EXPENSES**

Plaintiff Wyndham Vacation Resorts, Inc. ("Plaintiff" or "Wyndham"), submits this Opposition to the Motion for Attorney's Fees and Expenses [Docket Entry No. 186] (the "Motion") filed by Defendant Charles McDowell ("McDowell" or "Defendant") as follows:

**I.   INTRODUCTION**

Defendant is not entitled to an award of any attorneys' fees or expenses on two distinct grounds: (1) Defendant has not established the necessary elements for an award under the relevant statutes and (2) Defendant's Motion failed to include the necessary and appropriate supporting documentation in violation of this Court's local rule governing fee applications and such failure makes it impossible to determine either the amount or reasonableness of the fees.

The Motion requests fees in the amount of $76,025.97 and costs in the amount of $392.00. The only support submitted for the requested fees is the Declaration of Lyndsay Smith Hyde, counsel for Defendant (the "Declaration"). [Docket Entry No. 187]. The Defendant has

not submitted any bills detailing the time of each attorney (or non-attorney clerk) spent on any particular aspect of the case.[1] Further, the Defendant has not submitted any affidavit or evidence from anyone other than his own counsel setting forth an opinion on the reasonableness of the hourly rates charged by his counsel.

In addition, Defendant's Motion does not set forth any substantive argument with regard to satisfying his burden of proof for the necessary elements for an award of fees under the relevant statutes. Instead, Defendant merely incorporates by reference the arguments set forth by his co-Defendants Sean Austin ("Austin") and Timeshare Advocacy International, LLC ("TAI") in their Motion for Attorneys' Fees filed as Docket Entry Nos. 175 and 176. [*See* Docket Entry No. 186, p. 1]. Accordingly, the substantive arguments set forth by Plaintiff in its Opposition to Defendants TAI and Austin's Motion for Attorneys' Fees and Expenses is applicable in the instant opposition. [*See* Docket Entry No. 190]. For the convenience of the Court, this argument is incorporated below in Section III.A.

Defendant's Motion lacks merit, fails to comply with this Court's local rules and should be denied.

## II. BACKGROUND

Wyndham filed its Complaint on November 1, 2010. [Docket Entry No. 1]. The Complaint asserted claims for violation of the Tennessee Uniform Trade Secrets Act ("TUTSA"), unauthorized practice of law, intentional interference with business relations/unfair competition, civil conspiracy, breach of contract, procurement of breach of contract, violation of the Tennessee Consumer Protection Act ("TCPA"), and unjust enrichment (together, the

---

[1] While such lack of documentation is inadequate in any instance, it is particularly concerning in the instant case, as McKellar Hyde PLC represents Mr. McDowell in several different lawsuits also involving the Plaintiff. Without providing detailed billing records it is impossible to determine which fees are related to which particular lawsuit.

"Claims"). Defendants filed their Answer to the Complaint on November 29, 2010. [Docket Entry No. 22]. Per the Court's Order of September 30, 2011, discovery in this case was to be completed on November 15, 2011. [Docket Entry No. 72].

On November 14, 2011, long after the deadline for amending pleadings had passed, co-Defendants TAI and Austin filed a motion seeking leave of the Court to amend their Answer to the Complaint to add certain affirmative defenses and to assert 2 counterclaims against Wyndham (the "Motion to Amend"). [Docket Entry No. 81]. Defendant McDowell never attempted to assert any counterclaims in this case. Regardless, the Court denied the Motion to Amend as not timely. Then, after the trial was continued due to a death in the family of Plaintiff's counsel, Defendants tried to take advantage of that fact and filed a motion to extend the deadline for filing dispositive motions ("Motion to Extend"). [Docket Entry Nos. 132, 133]. The Motion to Extend was denied as not timely. [Docket Entry No. 134].

The trial in this matter commenced on July 17, 2012. With the exception of the claim for procurement of breach of contract, all of Plaintiff's claims were submitted to the jury and the jury received separate instructions for each of the 7 claims - Tennessee Uniform Trade Secrets Act ("TUTSA"), unauthorized practice of law, intentional interference with business relations/unfair competition, civil conspiracy, breach of contract, violation of the Tennessee Consumer Protection Act ("TCPA"), and unjust enrichment. [Docket Entry No. 164].

Pursuant to Local Rule 54.01(b)(1) and Fed. R. Civ. P. 6(a)(1)(C), the deadline to file applications for attorneys' fees in this case expired on August 20, 2012. On August 23, 2012, Defendant filed the instant Motion and Declaration concurrently with a Motion to Extend Deadline for Motion for Attorney's Fees. [Docket Entry No. 184]. The extension was granted on August 27, 2012. [Docket Entry No. 189].

**III. LAW AND ARGUMENT**

The fee applicant bears the burden of establishing entitlement to an attorney-fee award and documenting the appropriate hours expended and hourly rates. *See Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *see also Graceland Fruit Inc. v. KIC Chems., Inc.*, 320 F. App'x 323, 328 (6th Cir. 2008). In addition, the applicant bears the burden of proving that the requested monetary award (in this case, over $76,000) is reasonable. *See United States v. Ohio*, 474 F. Supp. 2d 916, 920 (S.D. Ohio 2007) (citing *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999)). Defendant's Motion does not meet this burden.

**A. Defendant Fails to Establish the Necessary Elements for an Award Under the Relevant Statutes**

Defendant is not entitled to an award of attorneys' fees under the relevant statutes. The relevant statutes relied upon by Defendant provide as follows:

§ 47-25-1705(1): If a claim of misappropriation is made in bad faith the court may award reasonable attorney's fees to the prevailing party.

§ 47-18-109(e)(2): In any private action commenced under this section, upon finding that the action is frivolous, without legal or factual merit, or brought for the purpose of harassment, the court may require the person instituting the action to indemnify the defendant for any damages incurred, including reasonable attorneys' fees and costs.

**i. The Court Ruled on Defendant's Preemption Defense**

As discussed above, Defendant provides no documentation apportioning the fees incurred in this case, but the Declaration merely states that counsel spent 249.0 hours working on this matter, and that "[t]he total amount of fees incurred in litigating the matters in this Court . . . total[ed] $76,025.97." [Docket Entry No. 187, ¶ 5]. Based on this submission, it appears that Defendant's Motion seeks recovery of **all** of the fees incurred for defending against **all** of the

claims asserted by Plaintiff. While no explanation is provided in the Motion, Plaintiff assumes that this improper consolidation is based on Defendant's previously-raised argument that all of Plaintiff's claims should be consolidated into a single claim under TUTSA based on an argument of preemption. The issue of preemption was decided, however, by the Court at trial and cannot be used to award Defendant all of his fees.

When ruling on the Defendant's assertion of preemption, the Court noted at trial, "under federal law preemption is an affirmative defense." [Exhibit A, Trial Transcript, p. 61, lines 5-7, citing *Brown v. Earthboard Sports USA, Inc.*, 481 F.3d 901, 912 (6th Cir. 2008)]. The Court went on to add that with regard to the Defendant's preemption argument, it had been addressed on its merits and Defendant had been "given the benefit of the affirmative defense…" [Exhibit A, Trial Transcript, p. 68, lines 8-10]. The Court went on to specifically find that the additional claims asserted by Plaintiff were not preempted under the holding of *Productive MD LLC v. 4UMD LLC*, 821 F. Supp. 2d 955, 967 (M.D. Tenn. 2001) because Defendant had argued that the information at issue was not a trade secret and that the use of such information could be used to support a claim of intentional interference with business. [Exhibit A, Trial Transcript, p. 63, lines 1-10]. The Court held that the "claims of civil conspiracy, intentional interference with business and breach of contract would be available." [Exhibit A, Trial Transcript, p. 63, lines 13-16].

The Court specifically found that Plaintiff asserted a variety of claims and seven claims were submitted to the jury. There is no basis in either the Motion or case law to support a conclusion that under TUTSA Defendant would be entitled to all fees related to the defense of all of Plaintiff's claims.

### ii. There Can Be No Finding of Bad Faith Under TUTSA

Even if Defendant had sought fees only related to TUTSA (and had submitted evidence allowing a determination of the amount of such fees), such a request specifically requires a finding of bad faith. Tenn. Code Ann. § 47-25-1705(1). In other words, attorneys' fees will be not be shifted where, as was the case here, a plaintiff can show that trade secrets or confidential information are at issue. Despite Defendant's argument to the contrary, a party bringing a trade secrets action does not automatically get assessed the other party's attorneys' fees if the party does not prevail, but only when the party does not prevail <u>and</u> a claim of misappropriation is made in bad faith. Based upon the uncontradicted evidence, it is clear that Plaintiff's claim under TUTSA was not asserted in bad faith.

Under the Tennessee Uniform Trade Secrets Act, "trade secret" means:

> information, without regard to form, including, but not limited to, technical, nontechnical or financial data, a formula, pattern, compilation, program, device, method, technique, process, or plan that:
>
> (A) Derives independent economic value, actual or potential, from not being generally known to, and not being readily accessible by proper means by other persons who can obtain economic value from its disclosure or use; and
>
> (B) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Tenn. Code Ann. § 47-25-1702(4).

Generally, a trade secret is "any formula, process, pattern, device or compilation of information that is used in one's business and which gives him an opportunity to obtain an advantage over competitors who do not use it." *Wright Medical Technology, Inc. v. Grisoni*, 135 S.W.3d 561, 588 (Tenn. Ct. App. 2001) (citing *Hickory Specialties, Inc. v. B & L Laboratories, Inc.*, 592 S.W.2d 583, 586 (Tenn. Ct. App. 1979)). Several factors to consider in determining

N JLD 924188 v3
2903712-000014 09/06/2012

whether a piece of information constitutes a trade secret are: (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the business to guard the secrecy of the information; (4) the value of the information to the business and to its competitors; (5) the amount of money or effort expended by the business in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *Grisoni*, 135 S.W.3d at 580 (citing *Venture Express, Inc. v. Zilly*, 973 S.W.2d 602, 606 (Tenn. Ct. App. 1998)).

Confidential information is closely analogous to a trade secret and warrants similar protection. *Grisoni*, 135 S.W.3d at 588 (citing *Vantage Technology, LLC, v. Cross*, 17 S.W.3d 637, 645 (Tenn. Ct. App. 1999)). The Court in *Grisoni* clearly stated "information which was acquired by the defendant through the confidential relationship may be protected even if the information potentially could have been obtained through independent research." *Grisoni*, 135 S.W.3d at 589.

Here, Wyndham presented evidence at trial on each of the elements of TUTSA. Specifically, Wayne Baker testified as follows:

- He was familiar with the training received by Defendants Sean Austin and Charles McDowell in their job as salespeople for Plaintiff. [*See* Exhibit B, Trial Transcript, p. 11, lines 21-25];

- Sean Austin and Charles McDowell received training regarding the sales methods and the product that Wyndham is selling. [Exhibit B, Trial Transcript, p. 12, lines 4-9];

- The product sold by Wyndham is different than the product sold by other timeshare companies. [Exhibit B, Trial Transcript, p. 18, lines 4-6];

- Wyndham considers its sales methods, techniques, programs and other training materials to be confidential proprietary information. [Exhibit B, Trial Transcript, p. 19-20, lines 25-3];

- The sales methods, techniques, programs and other training materials is information not available to the general public. [Exhibit B, Trial Transcript, p. 20, lines 4-6];

- Wyndham takes steps to ensure that the information regarding sales methods, techniques, programs and other training materials remains confidential. [Exhibit B, Trial Transcript, p. 20, lines 7-9].

Defendant essentially asks the Court to adopt a standard that equates "bad faith" with a jury's conclusion that Plaintiff did not carry its burden of proof. This radical position does not accord with either the statutory language or the majority of courts interpreting the attorney fees provision of the Uniform Trade Secrets Act in other states, which require something more than an objectively frivolous claim. These courts generally require proof of subjective misconduct. *See e.g. Fas Techs, LTD. v. Dainippon Screen Mfg., Co,* 2001 U.S. Dist. LEXIS 15444, 2001 WL 1159776, at *2 (N.D. Cal. Sep. 21, 2001) ("[C]ourts have universally interpreted [bad faith under the Uniform Trade Secrets Act] to require a finding (1) that plaintiff's claims were objectively specious or frivolous, and (2) that there is evidence of subjective misconduct."); *Computer Econ., Inc. v. Gartner Group, Inc.,* 1999 U.S. Dist. LEXIS 22204, 1999 WL 33178020, at *5 (S.D. Cal. Dec. 14, 1999) (requiring objective proof of frivolousness and subjective misconduct); *Contract Materials Processing, Inc. v. Kataleuna GMBH Catalysts,* 222

8

F. Supp. 2d 733, 744 (D. Md. 2002) (same); *Russo v. Baxter Healthcare Corp.,* 51 F. Supp. 2d 70, 76-77 (D.R.I. 1999) (requiring proof of subjective bad faith).

While the jury concluded, based on its verdict, that Wyndham had not met its burden of proof under TUTSA, that conclusion does not equate with or support a finding that Wyndham brought its claims in bad faith. Defendant has not presented any independent, subjective evidence of bad faith and relies on the jury verdict in support of his claim for fees under TUTSA. This is insufficient and the Motion should be denied.

### iii. The Case Relied Upon by Defendant is Distinguishable

Defendant, even by incorporating his co-Defendants' Motion for Attorneys' Fees, cites no case law analogous to the instant situation, and in fact, only one case has been cited in support of the contention that the Plaintiff's claim under TUTSA was pursued in bad faith. [*See generally* Docket Entry No. 176]. The one case cited is easily distinguishable. In the case cited by McDowell's co-Defendants, the plaintiff's <u>only</u> claims against its former employee were for breach of a confidentiality agreement and for violation of the Michigan Uniform Trade Secrets Act, the plaintiff voluntarily dismissed its action at the dispositive motion stage, and the representatives of the plaintiff actually disclaimed certain allegations in the Complaint. *See generally, Degussa Admixtures, Inc. v. Burnett,* 277 Fed. Appx. 530 (6th Cir. 2008).

In the instant case, the Plaintiff pursued multiple claims unrelated to and in addition to its claim under TUTSA, submitted those claims to the jury, and maintained the allegations in the Complaint throughout the proceedings. As a result, the case relied upon by Defendant is not persuasive.

### iv. Plaintiff Asserted a Valid Claim Under the TCPA

Defendant's claim for attorneys' fees under the TCPA should also be denied because Plaintiff's claim was not frivolous, without legal or factual merit, nor brought for the purpose of harassment. To recover under the TCPA, Plaintiff must show: "(1) that the defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA; and (2) that the defendant's conduct caused an 'ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value.'" *Tucker v. Sierra Builders*, 180 S.W.3d 109, 115-16 (Tenn. Ct. App.) (citations omitted).

The TCPA permits any "person" who suffers from an unfair or deceptive act to recover its ascertainable loss. The plain language of the statute defines "person" very broadly, and includes a corporation. *See also Bridgeport Music, Inc. v. 11CMusic,* 154 F. Supp. 2d 1330, 1333-34 (M.D. Tenn. 2001) ("[P]erson is defined to include inter alia, corporations and any other legal or commercial entity however organized . . . . [C]orporations (and other entities included within the Act's definition of person) have standing to bring a private cause of action for treble damages under the [TCPA]" (internal quotes and citations omitted)); *Olin Corp. v. Lambda Electronics*, 39 F. Supp. 2d 912, 914 (E.D. Tenn. 1998) ("There is no authority that a consumer transaction is a *sine qua non* of TCPA applicability.").

Here, whether the standard is described as "without merit," "without legal basis," or "utterly lacking in an adequate factual predicate," it is clear that, under these statutory provisions, to be entitled to attorneys' fees the Defendant must do more than merely allege that Plaintiff's claims were ultimately unsuccessful, or show that it did not emerge from discovery with sufficient support to defeat a motion for summary judgment. Rather, some additional indicia of frivolity or bad faith must be shown. *See e.g. Shaw v. Merritt-Chapman & Scott Corp.,* 554 F.2d

10

786, 788 (6th Cir. 1977); *Glanton v. Bob Parks Realty*, 2005 WL 1021559, at *10 (Tenn. Ct. App. Apr. 27, 2005).

Like the TUTSA claim, Defendant has failed to make the required showing of bad faith in Plaintiff's pursuit of the TCPA claim. Indeed, Defendant is unable to point to any "costly and burdensome" tactics used by the Plaintiff or any unfair conduct at all. Rather, this is a case in which the Plaintiff, knowing it was being repeatedly damaged by unfair conduct, attempted to identify who was responsible and reasonably pointed to the individuals who were former employees of Plaintiff and running the company that was responsible for the loss. The fact that, ultimately, the jury found those individuals not to be liable does not entitle Defendant to attorneys' fees under the TCPA.

Moreover, whether or not to award fees is discretionary with the Court. *Glanton,* 2005 WL 1021559, at *9; *see also Jordan v. Clifford*, 2010 WL 2075871 at *6 (Tenn. Ct. App. May 25, 2010) ("As the language of the statute makes clear, even where this prerequisite [of frivolousness, lack of merit, etc.] is met, whether or not to award fees is discretionary with the court."). As the Tennessee Court of Appeals has found:

> [T]he provision for attorney fees found in Tenn. Code Ann. § 47-18-109(e)(2) is designed to discourage consumers from using the Act to file frivolous or baseless claims. **It is not intended to punish plaintiffs who can demonstrate wrongful acts on the part of defendants, but who are unable to prevail on their claims for other reasons.** Too strict an application of this subsection would result in a "winner take all" situation, regardless of the circumstances, that would undermine the purpose of protecting the consumer. **We therefore do not interpret the statutory term "without legal or factual merit" to mean without sufficient merit to prevail**, but rather as so utterly lacking in an adequate factual predicate or legal ground as to make the filing of such a claim highly unlikely to succeed.

*Glanton*, 2005 WL 1021559 at *16 (emphasis added).

As set forth above, there was sufficient factual and legal predicate for the TCPA claim. Thus, Defendant cannot recover fees and expenses under that statute. However, even if the Court finds that the factual and legal predicate is lacking, the Court should not exercise its discretion to award fees to Defendant.

### B. Defendant's Fee Application Does Not Satisfy Local Rule 54.01(b)(3)

Local Rule 54.01(b)(3) governs the award of attorneys' fees and provides as follows:

A motion for an award of attorneys' fees . . . **shall** . . . be supported by an affidavit of counsel setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factors which the Court should consider in making the award.

#### i. Defendant Failed to Set Out the Amount of Hours Spent on Each Aspect of the Case

Local Rule 54.01(b)(3) contains a clear requirement that counsel, through an affidavit, must detail "the number of hours spent on **each** aspect of the case." The Motion and Declaration fail to provide any evidence regarding: (1) the amount of hours billed by each employee of the firm; (2) detail regarding the aspects of the case for which services were provided; or (3) an apportionment of the number of hours spent on each aspect of the case. Counsel's submission for this required information consists of the following statements:

- "Combined we have spent 249.0 hours working on this matter. The total amount of fees incurred in litigating the matters in this Court after the final judgment was entered totals $76,025.97." [Docket Entry No. 187, ¶ 5].

- "My firm's representation of Mr. McDowell included among other things conducting extensive legal research, preparing and filing motions and memoranda, responding to various motions and memoranda, sending various

correspondence, telephone conversations, conducting discovery, both written and verbal, and preparing for trial twice.[2]" [Docket Entry No. 187, ¶ 9].

This account of work performed is insufficient and the accuracy is unable to be verified because no billing records were provided.

A clear example of the potential for inaccurate or unreasonable amounts to be included in the fee request is the assertion in the Declaration that counsel seeks fees for "written discovery." The only written discovery in this case was conducted by prior counsel for the Defendants, Bill Jakes. [Affidavit of Courtney Gilmer, ¶¶ 3, 4, 5, 6, 7, 8, and 9]. Defendant did file an unopposed Motion for 45-Day Extension of Discovery Deadline after the McKellar-Hyde law firm was engaged to represent Defendant individually. [Docket Entry No. 71]. While the Court granted the requested extension, no additional discovery was served on Plaintiff on behalf of Defendant. [Docket Entry No. 72; Affidavit of Courtney Gilmer, ¶ 9]. Thus, the Declaration's vague account of the "aspects of the case" that form the basis for a fee request in excess of $76,000 is inaccurate and/or incapable of explanation without supporting detail which is not provided.

The Declaration's extremely sparse account of services does not provide the required information for the Court to appropriately analyze the request for fees. In evaluating an application for fees under an identical local rule for the Eastern District of Michigan, the Sixth Circuit stated the required information is designed to "allow[] the district court to calculate the lodestar amount." *McDole v. Saginaw*, 471 Fed. Appx. 464, 482 (6th Cir. 2012). In the face of an attorney's failure to produce information to calculate the lodestar amount, the Sixth Circuit

---
[2] Plaintiff notes that Defendant consented to the continuance of the January 3, 2012 trial date, but now relies on the continuance as a basis for additional attorneys' fees. [Docket Entry No. 127, p. 1].

13

further stated that "providing the requisite information to the district court to comply with [the Local Rule] is a basic task for an attorney." *Id.*

There is simply no mechanism for this Court to calculate the reasonable amount of fees in relation to the instant application based on the only evidence submitted in support of the Motion - the Declaration of Ms. Hyde. Likewise, there is certainly no way to evaluate the reasonableness of the fees as required by statute. *See* Tenn. Code Ann. §§ 47-25-1705(1), 47-18-109(e)(2) (requiring that attorney's fees only be awarded to the extent they are reasonable). This Court already granted the extension to file this Motion after the time for filing had expired. The Defendant should not be further permitted to disregard the requirements of Local Rule 54 by failing to provide basic information regarding the substantial amount of fees he is requesting be shifted to the Plaintiff.

Vague and unsupported assertions cannot satisfy Defendant's burden under Local Rule 54.01(b)(3) to demonstrate the amount of work and fees attributable to each aspect of this case. The Motion should be denied in its entirety.

### ii. The Lack of Detail Submitted Makes the Fee Request Unreasonable

Defendant's failure to submit any records in support of the Motion makes it impossible to determine if the fee request is reasonable. *See e.g. The Fair Housing Council of Greater Washington v. Landow*, 999 F.2d 92 (4th Cir. 1993) (noting that fee applicants should make every effort to submit records which specifically allocate the time spent on each individual claim). As discussed above, because the doctrine of preemption under TUTSA is not applicable to this matter, Plaintiff's claims and the fees associated with those claims must be assessed separately. Defendant is not entitled under any scenario to obtain fees related to Plaintiff's claims for intentional interference with business relations/unfair competition, civil conspiracy,
14

breach of contract for breach of the Salesperson Agreements, and unjust enrichment. Defendant's request apparently encompasses his fees related to all claims. Defendant's request is not reasonable and should be denied.

In reviewing fee applications, hours "reasonably" spent are determined by subtracting duplicative, unproductive, excessive, or unnecessary hours from the hours actually spent. *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir. 1984). Here, because no detail regarding the hours spent has been provided, it is impossible for the Court to make this determination.

Defendant failed to submit information to allow a determination by the Court of whether the hours were reasonably expended. The lack of detail prevents any analysis by the Court regarding the reasonableness of the billing overall and the reasonableness of the time dedicated to specific tasks. The Motion should be denied.

### iii. Defendant Failed to Establish the Prevailing Rate in the Community for Similar Services.

Defendant failed to submit any evidence, apart from his counsel's own opinion, on the reasonableness of the rates charged. "[T]he burden is on the fee applicant to produce satisfactory evidence – *in addition to the attorney's own affidavits* – that the requested rates are in line with those prevailing in the community. Evidence may include affidavits of other attorneys, case precedents, and fee studies." *Anglo-Danish Fibre Indus. Ltd. v. Columbian Rope Co.*, 2003 WL 223082 at *2 (W.D. Tenn. 2003) (citations and quotes omitted) (emphasis added).

Defendant submits no evidence on the prevailing community rate for similar services in or around Nashville, Tennessee. In fact, Ms. Hyde opines only that "our hourly rates are well within the accepted range and, in fact, could be perceived as being on the low side of current attorney asking rates. Furthermore, it is my understanding that billing out a summer associate's

15

N JLD 924188 v3
2903712-000014 09/06/2012

Case 3:10-cv-01028    Document 194    Filed 09/06/12    Page 15 of 17 PageID #: 2364

time for $115 is also customary." [Docket Entry No. 187, ¶ 7]. As can be seen on the face of this declaration, Ms. Hyde's statement does not reference to the community being used for her evaluation, and, in any event, does not incorporate the affidavit of another attorney, case precedent, or fee studies as required by applicable case law.

Because there is no evidence before the Court to allow the Court to analyze the reasonableness of the rates charges as compared to the prevailing rate in the applicable community, the Motion should be denied in its entirety.

IV.   **CONCLUSION**

For all the reasons stated herein, Plaintiff respectfully requests that Defendant's Motion be denied.

DATED this 6th day of September, 2012.

Respectfully submitted,

/s/ *Courtney H. Gilmer*
Courtney H. Gilmer (#022131)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201
(615) 726-5747 (telephone)
(615) 744-5747 (fax)
cgilmer@bakerdonelson.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 6, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties not so indicated on the electronic filing receipt will be served by undersigned counsel by first class mail, postage prepaid. Parties may access this filing through the Court's electronic filing system. Counsel in this case who will be sent notice by the court as indicated by the electronic filing receipt or who will be served by undersigned counsel are:

       Greg Oakley
       1720 West End Avenue, Suite 300
       Nashville, Tennessee 37203

       Lyndsay Smith Hyde
       411 Broadway, Suite 302
       Nashville, Tennessee 37203

       *Attorneys for Defendants*

       /s/ *Courtney H. Gilmer*